## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**Case No.:** _____

GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY CO.,

      Plaintiffs,

vs.

RONALD JACK TRAVIS UTTER, D.C., NO UTTER WAY d/b/a PREFERRED INJURY PHYSICIANS, HALIFAX CHIROPRACTIC & INJURY CLINIC, INC., PREFERRED INJURY PHYSICIANS OF BRANDON, INC., PREFERRED INJURY PHYSICIANS OF KISSIMMEE, INC., PREFERRED INJURY PHYSICIANS OF TOWN & COUNTRY, INC., PREFERRED INJURY PHYSICIANS OF ORANGE CITY, INC. d/b/a PREFERRED INJURY PHYSICIANS OF DELTONA, PREFERRED INJURY PHYSICIANS OF WESLEY CHAPEL, INC., PREFERRED INJURY PHYSICIANS OF TEMPLE TERRACE, INC., PREFERRED INJURY PHYSICIANS OF ST. PETERSBURG, INC., PREFERRED INJURY PHYSICIANS OF EAST ORLANDO, INC., and UTTER CORP.,

      Defendants.

**Jury Trial Demand**

_____/

## <u>COMPLAINT</u>

Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "GEICO" or "Plaintiffs"), sue the Defendants and allege as follows:

1.      This is an action for breach of contract in which Plaintiffs seek monetary damages in the amount of $550,000.00 against Defendants Ronald Jack Travis Utter, D.C., ("Utter"), Halifax Chiropractic & Injury Clinic, Inc. ("Halifax"), No Utter Way d/b/a Preferred Injury Physicians, Inc. ("No Utter Way"), Preferred Injury Physicians of Brandon, Inc. ("PIP Brandon"), Preferred Injury Physicians of Kissimmee, Inc. ("PIP Kissimmee"), Preferred Injury Physicians of Town & Country, Inc. ("PIP Town & Country"), Preferred Injury Physicians of Orange City, Inc. d/b/a Preferred Injury Physicians of Deltona ("PIP Orange City"), Preferred Injury Physicians of Wesley Chapel, Inc. ("PIP Wesley Chapel"), Preferred Injury Physicians of Temple Terrace, Inc. ("PIP Temple Terrace"), Preferred Injury Physicians of St. Peterburg, Inc. ("PIP St. Petersburg"), Preferred Injury Physicians of East Orlando, Inc. ("PIP East Orlando") and Utter Corp. (collectively with Utter, the "Defendants" ) for their breach of a Settlement and Release Agreement dated November 21, 2022 (the "Agreement") and their presentation to GEICO of worthless checks in violation of Fla. Stat. § 68.065.

2.      The Agreement is annexed hereto as Exhibit "1" (non-pertinent portions have been redacted).

3.      Defendants Utter, Halifax, No Utter Way, PIP Brandon, PIP Kissimmee, PIP Town & Country, PIP Orange City, PIP Wesley Chapel, PIP Temple Terrace, PIP St. Petersburg, PIP East Orlando (the "Settling Defendants") breached the terms of the Agreement by failing to pay the sum of $550,000.00 (the "Settlement Proceeds") on or before December 15, 2022 and by failing to cure that breach within the time allotted by the Agreement.

4.      Thereafter the Settling Defendants, along with Defendant Utter Corp., presented or caused to be presented five worthless checks to GEICO – purportedly in satisfaction of the Settlement Proceeds payable under the Agreement – all of which were returned for insufficient funds (the "Worthless Checks").

5.      To date, the Defendants have not paid a single dollar towards the Settlement Proceeds.

6.      As a result of the Defendants' breach, GEICO has incurred damages of $550,000.00.

7.      Additionally, GEICO is entitled to recover $2,227,500.00 consisting of treble damages, the amounts originally owing on the Worthless Checks, and a service charge, as well as costs, expenses, reasonable legal fees incurred, and interest and such other and further relief as this Court deems just and proper.

## THE PARTIES

### I.    Plaintiffs

8.      Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively, "GEICO") are Nebraska corporations with their principal places of business in Chevy Chase, Maryland.

### II.    Defendants

9.      Defendant Utter resides in and is a citizen of Florida. Utter owns and controls Halifax, No Utter Way, PIP Brandon, PIP Kissimmee, PIP Town & Country,

PIP Orange City, PIP Wesley Chapel, PIP Temple Terrace, PIP St. Petersburg, PIP East Orlando, and Utter Corp.

10.    Defendant No Utter Way is a Florida corporation with its principal place of business in Daytona Beach, Florida.

11.    Defendant Halifax is a Florida corporation with its principal place of business in Daytona Beach, Florida.

12.    Defendant PIP Town & Country is a Florida corporation with its principal place of business in Port Orange, Florida.

13.    Defendant PIP Brandon is a Florida corporation with its principal place of business in Port Orange, Florida.

14.    Defendant PIP Kissimmee is a Florida corporation with its principal place of business in Port Orange, Florida.

15.    Defendant PIP Orange City is a Florida corporation with its principal place of business in Orange City, Florida.

16.    Defendant PIP East Orlando is a Florida corporation with its principal place of business in Daytona Beach, Florida.

17.    Defendant PIP Wesley Chapel is a Florida corporation with its principal place of business in Daytona Beach, Florida.

18.    Defendant PIP St. Petersburg is a Florida corporation with its principal place of business in Tampa, Florida.

19.    Defendant PIP Temple Terrace is a Florida corporation with its principal place of business in Tampa, Florida.

20.    Defendant Utter Corp. is a Florida corporation with its principal place of business in Port Orange, Florida.

## JURISDICTION AND VENUE

21.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a)(1) because the total matter in controversy, exclusive of interest and costs, exceeds the jurisdictional threshold of $75,000.00, and is between citizens of different states.

22.    Venue in this District is appropriate pursuant to 28 U.S.C. § 1391, as the Middle District of Florida is the District where one or more of the Defendants reside and because this is the District where a substantial amount of the activities forming the basis of the Complaint occurred.

23.    Venue in this District is further appropriate pursuant to the terms of the Agreement wherein the parties consented to jurisdiction in the Middle District of Florida for enforcement purposes.

## ALLEGATIONS COMMON TO ALL CLAIMS

### I.    GEICO's Original Racketeering Action Against the Defendants

24.    On or about September 19, 2022, GEICO commenced a litigation against the Settling Defendants in the United States District Court for the Middle District of Florida in an action entitled *Government Employees Insurance Co., et. al. v. Ronald Jack Travis Utter, D.C., et al.,* Case No.: 6:22-cv-01711-CEM-EJK (hereinafter referred to as the "RICO Action").

25.     In the RICO Action, GEICO alleged, among other things, that Utter was previously a chiropractor licensed to practice chiropractic in the State of Florida but, in April 2020, the Florida Department of Health issued an emergency Order prohibiting Utter from practicing chiropractic in Florida.

26.     Nonetheless, Utter continued to unlawfully operate Halifax, No Utter Way, PIP Brandon, PIP Kissimmee, PIP Town & Country, PIP Orange City, PIP Wesley Chapel, PIP Temple Terrace, PIP St. Petersburg, PIP East Orlando in pervasive violation of Florida law, and received more than $10,000,000.00 in personal injury protection ("PIP") benefits from GEICO to which Utter and Halifax, No Utter Way, PIP Brandon, PIP Kissimmee, PIP Town & Country, PIP Orange City, PIP Wesley Chapel, PIP Temple Terrace, PIP St. Petersburg, PIP East Orlando were not entitled.

27.     Based on these allegations, among others, GEICO asserted claims against the Settling Defendants for, variously, civil RICO violations, violations of the Florida Deceptive and Unfair Trade Practices Act, common law fraud, aiding and abetting fraud, unjust enrichment, and declaratory relief.

28.     In November 2022, GEICO and the Settling Defendants entered into the Agreement to settle GEICO's claims in the RICO Action.

## II.     <u>The Agreement</u>

29.     GEICO and the Settling Defendants entered into and agreed upon the terms of the Agreement, which was fully executed on or about November 21, 2022.

30.     As is relevant for the present action, pursuant to the Agreement, the Settling Defendants agreed to, among other things, pay GEICO the sum of $550,000.00 on or before December 15, 2022.

31.     Specifically, Section 2.A of the Agreement provides as follows: "The [Settling] Defendants shall pay to GEICO the sum of $550,000.00 (the 'Settlement Proceeds') in the form of a certified or attorney's escrow check, made payable to 'Government Employees Insurance Company' and delivered to GEICO's counsel … on or before December 15, 2022."

32.     Moreover, Section 2.B of the Agreement provides, among other things, that:

> In the event that the [Settling] Defendants default in making payment of any portion of the Settlement Proceeds required under this Agreement, and fail to cure the default within fifteen (15) days after receipt of written notice as set forth in Section 7 herein, then GEICO shall be entitled to immediately enter a judgment against the [Settling] Defendants, or any of them, for which they will be jointly and severally liable, in the amount of any remaining unpaid balance of the Settlement Proceeds (the "default judgment"). This sum shall be deemed liquidated damages for the [Settling] Defendants' conduct as alleged in the Complaint in the Action, and is not a penalty.  Interest on the default judgment shall accrue at the maximum rate allowable under Fla. Stat. 55.03 until fully paid.  In addition, GEICO shall be entitled to reimbursement of all reasonable attorneys' fees, costs and disbursements that GEICO incurs in connection with any collection activities.

33.     Section 7 of the Agreement provides that notices required under the Agreement to the Defendants were to be satisfied via email and overnight mail to the Settling Defendants' counsel.

III.    **The Defendants' Breach of the Agreement**

34.    On or about December 15, 2022, GEICO's counsel received a total of five (5) Worthless Checks, each in the amount of $110,000.00, purportedly in satisfaction of the Settling Defendants' payment obligations under the Agreement.

35.    In particular, Defendants Halifax, Utter Corp., and PIP Brandon presented to GEICO: (i) check number 6514 in the amount of $110,000.00, payable to GEICO, drawn on an account held by Halifax Injury Physicians at Suntrust Bank; (ii) check number 1336 in the amount of $110,000.00, payable to GEICO, drawn on an account held by Preferred Injury Physicians of Brandon, Inc. held at Suntrust Bank; (iii) check number 2485 in the amount of $110,000.00, payable to GEICO, drawn on an account held by Utter Corp. held at Suntrust Bank; (iv) check number 6515 in the amount of $110,000.00, payable to GEICO, drawn on an account held by Halifax Injury Physicians at Suntrust Bank; and (v) check number 2484 in the amount of $110,000.00, payable to GEICO, drawn on an account held by Utter Corp. held at Suntrust Bank. All of the Worthless Checks were signed by Utter in his capacity as the owner of and signatory for Halifax Injury Physicians, Preferred Injury Physicians of Brandon, Inc., and Utter Corp.

36.    However, when GEICO attempted to deposit the Worthless Checks, all five checks were returned for lack of sufficient funds.

37.    On January 10, 2023, GEICO, via its counsel, wrote to counsel for the Settling Defendants via email and overnight mail to provide them with notice, pursuant to Sections 2 and 7 of the Agreement, of the Settling Defendants' default of

their payment obligations under the Agreement, and to demand that the Settling Defendants' cure that default – namely, by remitting payment to GEICO pursuant to the Agreement – within 15 days. A copy of the January 10, 2023 letter notice is attached hereto as Exhibit "2".

38.    Despite GEICO's properly-delivered notice, the Settling Defendants failed to cure their default, and to date have failed to pay any amount of the $550,000.00 Settlement Proceeds owed by the Settling Defendants pursuant to the Agreement.

39.    The Settling Defendants failure to timely pay the agreed upon $550,000.00 Settlement Proceeds by December 15, 2022, or to cure their default within fifteen (15) days of receiving written notice of the default, is in direct violation of the Agreement and constitutes a material breach of the Agreement.

40.    GEICO entered into the Agreement with the Settling Defendants to, among other things, settle GEICO's claims for damages against the Settling Defendants in the RICO Action.

41.    GEICO fully performed all of its own obligations under the Agreement.

42.    Absent the Settling Defendants' agreement to pay the Settlement Proceeds, GEICO would not have entered into the Agreement.

43.    As a result of the Settling Defendants' breach of their obligations to pay the Settlement Proceeds, GEICO has been injured and suffered damages in the amount of $550,000.00.

44.     Moreover, as this is an action to enforce the terms of and secure compliance with the Agreement, pursuant to Sections 2 and 12 of the Agreement, should Plaintiffs prevail in this Action, they are entitled to recover from Defendants their "costs, including reasonable attorneys' fees from the non-prevailing party" and interest on the outstanding Settlement Proceeds at the maximum rate allowable under Fla. Stat. 55.03 until fully paid.

45.     On April 17, 2023, GEICO sent a notice to Defendants Halifax, Utter Corp., and PIP Brandon in the form prescribed in Fla. Stat. § 68.065(4). A copy of that notice is attached hereto as Exhibit "3".

46.     Defendants Halifax, Utter Corp., and PIP Brandon did not respond to GEICO's Fla. Stat. § 68.065(4) notice, and this action is commenced more than 30 days after GEICO's service of the Fla. Stat. § 68.065(4) notice.

## FIRST CAUSE OF ACTION
### Against the Settling Defendants
### (Breach of Contract)

47.     Plaintiffs incorporate, as though fully set forth at length herein, paragraphs 1-46, above.

48.     At all relevant times there was a valid agreement between Plaintiffs and the Settling Defendants pursuant to which the Settling Defendants agreed to pay GEICO the sum of $550,000.00 in the form of a certified or attorney's escrow check, made payable to "Government Employees Insurance Company" and delivered to GEICO's counsel, Rivkin Radler LLP, on or before December 15, 2022.

49.     The Settling Defendants, as described above, have engaged in conduct in direct violation of the terms of the Agreement by failing timely pay any amount of the $550,000.00 Settlement Proceeds or to cure their default after receiving the required notice.

50.     As a result of the Settling Defendants' breach of the Agreement, Plaintiffs have been damaged and are entitled to judgment against the Settling Defendants for: (i) payment to Plaintiffs of $550,000.00, (ii) reimbursement to Plaintiffs of the costs, expenses and reasonable legal fees incurred by Plaintiffs in the prosecution of this action in order to secure compliance with the Agreement, (iii) interest at the maximum rate allowable under Fla. Stat. 55.03 until fully paid, and such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Against Defendant Halifax
### (Violation of Fla. Stat. § 68.065)

51.     Plaintiffs incorporate, as though fully set forth herein, paragraphs 1-46, above.

52.     Defendant Halifax wrote and delivered the two (2) Worthless Checks to GEICO from accounts with insufficient funds, and each check was returned for insufficient funds when GEICO attempted to deposit the Worthless Checks.

53.     Specifically, Halifax presented to GEICO: check number 6514 in the amount of $110,000.00, payable to GEICO, drawn on an account held by Halifax Injury Physicians at Suntrust Bank and check number 6515 in the amount of

$110,000.00, payable to GEICO, drawn on an account held by Halifax Injury Physicians at Suntrust Bank.

54.    On April 17, 2023, GEICO sent a notice to Halifax in the form prescribed in Fla. Stat. § 68.065(4). Halifax did not respond to GEICO's Fla. Stat. § 68.065(4) notice, and this action is commenced more than 30 days after GEICO's service of the Fla. Stat. § 68.065(4) notice.

55.    Pursuant to Fla. Stat. § 68.065(3), Halifax is liable to GEICO for the Settlement Proceeds of $220,000.00, plus a 5% service charge and additional damages for triple the Settlement Proceeds, totaling $891,000.00 ($660,000.00 in treble damages, a $11,000.00 service charge, and the $220,000.00 originally owing on the Worthless Checks).

56.    Pursuant to Fla. Stat. § 68.065(3)(a), Halifax is also liable for any court costs and reasonable attorneys' fees incurred by GEICO in this action.

### THIRD CAUSE OF ACTION
**Against Defendant Utter Corp.**
**(Violation of Fla. Stat. § 68.065)**

57.    Plaintiffs incorporate, as though fully set forth herein, paragraphs 1-46, above.

58.    Defendant Utter Corp. wrote and delivered the two (2) Worthless Checks to GEICO from accounts with insufficient funds, and each check was returned for insufficient funds when GEICO attempted to deposit the Worthless Checks.

59.    Specifically, Utter Corp. presented to GEICO: check 2485 in the face amount of $110,000.00, payable to GEICO, drawn on an account held by Utter Corp.

held at Suntrust Bank and check 2484 in the face amount of $110,000.00, payable to GEICO, drawn on an account held by Utter Corp. held at Suntrust Bank.

60.    On April 17, 2023, GEICO sent a notice to Utter Corp. in the form prescribed in Fla. Stat. § 68.065(4). Utter Corp. did not respond to GEICO's Fla. Stat. § 68.065(4) notice, and this action is commenced more than 30 days after GEICO's service of the Fla. Stat. § 68.065(4) notice.

61.    Pursuant to Fla. Stat. § 68.065(3), Utter Corp. is liable to GEICO for the Settlement Proceeds of $220,000.00, plus a 5% service charge and additional damages for triple the Settlement Proceeds, totaling $891,000.00 ($660,000.00 in treble damages, a $11,000.00 service charge, and the $220,000.00 originally owing on the Worthless Checks).

62.    Pursuant to Fla. Stat. § 68.065(3)(a), Utter Corp. is also liable for any court costs and reasonable attorneys' fees incurred by GEICO in this action.

### FOURTH CAUSE OF ACTION
**Against Defendant PIP Brandon**
**(Violation of Fla. Stat. § 68.065)**

63.    Plaintiffs incorporate, as though fully set forth herein, paragraphs 1-46, above.

64.    Defendant PIP Brandon wrote and delivered the Worthless Checks to GEICO from an account with insufficient funds, and the check was returned for insufficient funds when GEICO attempted to deposit the worthless check.

65.    Specifically, PIP Brandon presented to GEICO: check 1336 in the face amount of $110,000.00, payable to GEICO, drawn on an account held by Preferred Injury Physicians of Brandon, Inc. held at Suntrust Bank.

66.    On April 17, 2023, GEICO sent a notice to PIP Brandon in the form prescribed in Fla. Stat. § 68.065(4). PIP Brandon did not respond to GEICO's Fla. Stat. § 68.065(4) notice, and this action is commenced more than 30 days after GEICO's service of the Fla. Stat. § 68.065(4) notice.

67.    Pursuant to Fla. Stat. § 68.065(3), PIP Brandon is liable to GEICO for the Settlement Proceeds of $110,000.00, plus a 5% service charge and additional damages for triple the Settlement Proceeds, totaling $445,500.00 ($330,000.00 in treble damages, a $5,500.00 service charge, and the $110,000.00 originally owing on the Worthless Check).

68.    Pursuant to Fla. Stat. § 68.065(3)(a), PIP Brandon is also liable for any court costs and reasonable attorneys' fees incurred by GEICO in this action.

## **JURY DEMAND**

69.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. demand that a Judgment be entered in their favor:

A.      On the First Cause of Action against the Defendants, for $550,000.00 in compensatory damages, plus costs, expenses, reasonable legal fees incurred, and interest and such other and further relief as this Court deems just and proper.

B.      On the Second Cause of Action against Defendant Halifax, for $891,000.00 in consisting of treble damages, the amounts originally owing on the Worthless Checks, and a service charge, as well as costs, expenses, reasonable legal fees incurred, and interest and such other and further relief as this Court deems just and proper.

C.      On the Third Cause of Action against Defendant Utter Corp., for $891,000.00 in consisting of treble damages, the amounts originally owing on the Worthless Checks, and a service charge, as well as costs, expenses, reasonable legal fees incurred, and interest and such other and further relief as this Court deems just and proper.

D.      On the Fourth Cause of Action against Defendant PIP Brandon, for $445,500.00 in consisting of treble damages, the amounts originally owing on the Worthless Checks, and a service charge, as well as costs, expenses, reasonable legal fees incurred, and interest and such other and further relief as this Court deems just and proper.

Dated:       May 22, 2023

RIVKIN RADLER LLP

By:    */s/ Max Gershenoff*
Max Gershenoff (FBN 1038855)
John P. Marino (FBN 814539)
Steven T. Henesy (FBN 1038474)
Qasim I. Haq (FBN 1035945)
Rivkin Radler, LLP
1301 Riverplace Blvd., Suite 1000
Jacksonville, FL 32207
Phone:  (904) 792-8948
John.Marino@rivkin.com
Max.Gershenoff@rivkin.com
Steven.Henesy@rivkin.com
Qasim.Haq@rivkin.com
*Counsel for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO Insurance Company, and GEICO Casualty Co.*