# EXHIBIT "1"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY CO.,

    Plaintiffs,

vs.

Case No.: 6:22-cv-01711-CEM-EJK

RONALD JACK TRAVIS UTTER, D.C., et al.

    Defendants.

_____

**CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT**

    This Confidential Settlement and Release Agreement (the "Agreement") is entered into as of this ___ day of November, 2022 by and between: (i) Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company; and (ii) Ronald Jack Travis Utter, D.C., Halifax Chiropractic & Injury Clinic, Inc., No Utter Way Inc. d/b/a Preferred Injury Physicians, Inc., Preferred Injury Physicians of Brandon, Inc., Preferred Injury Physicians of Kissimmee, Inc., Preferred Injury Physicians of Town & Country, Inc., Preferred Injury Physicians of Orange City, Inc. d/b/a Preferred Injury Physicians of Deltona, Preferred Injury Physicians of Wesley Chapel, Inc., Preferred Injury Physicians of Temple Terrace, Inc., Preferred Injury Physicians of St. Petersburg, Inc., Preferred Injury Physicians of East Orlando, Inc., and Florida Injury Physicians, Inc. (Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, GEICO Casualty Company, Ronald Jack Travis Utter, D.C., Halifax Chiropractic & Injury Clinic, Inc., No Utter Way Inc. d/b/a Preferred Injury Physicians, Inc., Preferred Injury Physicians of Brandon, Inc., Preferred Injury Physicians of Kissimmee, Inc., Preferred Injury Physicians of Town & Country, Inc., Preferred Injury Physicians of Orange City, Inc. d/b/a Preferred Injury Physicians of Deltona, Preferred Injury Physicians of Wesley Chapel, Inc., Preferred Injury Physicians of Temple Terrace, Inc., Preferred Injury Physicians of St. Petersburg, Inc., Preferred Injury Physicians of East Orlando, Inc., and Florida Injury Physicians, Inc. collectively are referred to within this Agreement as the "Parties").

**DEFINITIONS**

    The following definitions apply to the listed terms wherever those terms appear throughout the Agreement as well as in any exhibits or attachments thereto. Where the listed terms also are defined elsewhere in the body of the Agreement, the definitions listed here nonetheless apply and shall serve to further explain the meaning of those terms. Moreover, each defined term stated in a

1

singular form shall include the plural form, and each defined term stated in a plural form shall include the singular form.

| | |
|---|---|
| "GEICO" | Shall mean and include Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, GEICO Casualty Company, Colonial County Mutual Insurance Company, GEICO Advantage Insurance Company, GEICO Choice Insurance Company, GEICO Secure Insurance Company and GEICO County Mutual Insurance Company, as well as any other affiliated GEICO insurance companies that have issued or presently issue Florida automobile insurance policies, and their respective divisions, business units, subsidiaries, successors, and assigns, or any of them. |
| "Defendants" | Shall collectively mean and include Ronald Jack Travis Utter, D.C., Halifax Chiropractic & Injury Clinic, Inc., No Utter Way Inc. d/b/a Preferred Injury Physicians, Inc., Preferred Injury Physicians of Brandon, Inc., Preferred Injury Physicians of Kissimmee, Inc., Preferred Injury Physicians of Town & Country, Inc., Preferred Injury Physicians of Orange City, Inc. d/b/a Preferred Injury Physicians of Deltona, Preferred Injury Physicians of Wesley Chapel, Inc., Preferred Injury Physicians of Temple Terrace, Inc., Preferred Injury Physicians of St. Petersburg, Inc., Preferred Injury Physicians of East Orlando, Inc., and Florida Injury Physicians, Inc., or any of them, as well as their respective divisions, business units, subsidiaries, successors, and assigns, and any other healthcare practices or entities, regardless of form, that any of them directly or indirectly own or control. |
| "Dates of Service" | Shall mean and include the date on which any health care goods or services are provided to an Insured. |
| "Effective Date" | Shall mean and include the date of the complete execution of this Agreement. |
| "Insureds" | Shall mean and include any individuals eligible for insurance coverage under GEICO automobile insurance policies. |

## GENERAL RECITALS

A.   GEICO and the Defendants presently are, or expect to be, engaged in litigation in the United States District Court for the Middle District of Florida in an action entitled *Government Employees Insurance Co., et. al. v. Ronald Jack Travis Utter, D.C., et al.*, Case No.: 6:22-cv-

01711-CEM-EJK (hereinafter referred to as the "Action"). In addition, GEICO and various of the Defendants presently are engaged in litigation in Florida state courts, in which the respective Defendants seek to collect insurance payments from GEICO.

    B.    Ronald Jack Travis Utter, D.C. warrants and represents that: (i) he is the sole owner of Halifax Chiropractic & Injury Clinic, Inc., No Utter Way Inc. d/b/a Preferred Injury Physicians, Inc., Preferred Injury Physicians of Brandon, Inc., Preferred Injury Physicians of Kissimmee, Inc., Preferred Injury Physicians of Town & Country, Inc., Preferred Injury Physicians of Orange City, Inc. d/b/a Preferred Injury Physicians of Deltona, Preferred Injury Physicians of Wesley Chapel, Inc., Preferred Injury Physicians of Temple Terrace, Inc., Preferred Injury Physicians of St. Petersburg, Inc., Preferred Injury Physicians of East Orlando, Inc., and Florida Injury Physicians, Inc.; (ii) he is the only person with the authority to bind Halifax Chiropractic & Injury Clinic, Inc., No Utter Way Inc. d/b/a Preferred Injury Physicians, Inc., Preferred Injury Physicians of Brandon, Inc., Preferred Injury Physicians of Kissimmee, Inc., Preferred Injury Physicians of Town & Country, Inc., Preferred Injury Physicians of Orange City, Inc. d/b/a Preferred Injury Physicians of Deltona, Preferred Injury Physicians of Wesley Chapel, Inc., Preferred Injury Physicians of Temple Terrace, Inc., Preferred Injury Physicians of St. Petersburg, Inc., Preferred Injury Physicians of East Orlando, Inc., and Florida Injury Physicians, Inc., to the terms of this Agreement; and (iii) other than Halifax Chiropractic & Injury Clinic, Inc., No Utter Way Inc. d/b/a Preferred Injury Physicians, Inc., Preferred Injury Physicians of Brandon, Inc., Preferred Injury Physicians of Kissimmee, Inc., Preferred Injury Physicians of Town & Country, Inc., Preferred Injury Physicians of Orange City, Inc. d/b/a Preferred Injury Physicians of Deltona, Preferred Injury Physicians of Wesley Chapel, Inc., Preferred Injury Physicians of Temple Terrace, Inc., Preferred Injury Physicians of St. Petersburg, Inc., Preferred Injury Physicians of East Orlando, Inc., and Florida Physicians Injury, Inc, he does not own, control, manage, or operate, directly or indirectly, any other entities, clinics, or healthcare practices, regardless of form, that have submitted any billing to GEICO that remains outstanding or unpaid.

    C.    By and through this Agreement, the Parties intend to settle and resolve, by way of compromise and accord, all of GEICO's claims against the Defendants in the Action, and all claims and demands by the Defendants seeking payment for healthcare services and/or goods provided to Insureds with Dates of Service up through and including the Effective Date, in order to avoid continued involvement in and the cost of further litigation of the Action.

    D.    By entering into this Agreement, the Defendants do not admit any responsibility, liability, or guilt with respect to the allegations contained in GEICO's Complaint in the Action, and affirmatively deny the same.

    E.    By entering into this Agreement, GEICO does not admit any responsibility, liability, or guilt with respect to the claims and demands by the Defendants seeking payment for healthcare services and/or goods provided to Insureds with Dates of Service up through and including the Effective Date, and affirmatively denies the same.

NotaryCam DocID:637b8270ca3eec0048885ee6

## AGREEMENT

In consideration of the mutual promises set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree as follows:

1. **General Recitals** 

The General Recitals set forth above are expressly incorporated into the body of this Agreement as if fully set forth herein.

2. **Payment of Settlement Proceeds**

    A. The Defendants shall pay to GEICO the sum of $550,000.00 (the "Settlement Proceeds") in the form of a certified or attorney's escrow check, made payable to "Government Employees Insurance Company" and delivered to GEICO's counsel, Rivkin Radler LLP, on or before December 15, 2022.

    B. In the event that the Defendants default in making payment of any portion of the Settlement Proceeds required under this Agreement, and fail to cure the default within fifteen (15) days after receipt of written notice as set forth in Section 7 herein, then GEICO shall be entitled to immediately enter a judgment against the Defendants, or any of them, for which they will be jointly and severally liable, in the amount of any remaining unpaid balance of the Settlement Proceeds (the "default judgment"). This sum shall be deemed liquidated damages for the Defendants' conduct as alleged in the Complaint in the Action, and is not a penalty. Interest on the default judgment shall accrue at the maximum rate allowable under Fla. Stat. 55.03 until fully paid. In addition, GEICO shall be entitled to reimbursement of all reasonable attorneys' fees, costs and disbursements that GEICO incurs in connection with any collection activities. The Defendants acknowledge that – to the extent that GEICO enters the default judgment against them, or any of them – it will be deemed to be a debt that will not be dischargeable in bankruptcy.

    C. GEICO's right to enter the default judgment described in Section 2.B of this Agreement upon the Defendants' default shall be in addition to, and not in lieu of, any and all other remedies that GEICO may have, at law or equity, with regard to the enforcement of this Agreement and neither the Defendants' default nor the entry of default judgment pursuant to such default shall invalidate or excuse any other obligations that the Defendants may have pursuant to this Agreement.

3. **Release to GEICO and GEICO's Insureds**

    A. The Defendants release and discharge GEICO and GEICO's Insureds from any and all legal, equitable, administrative and/or other claims, counterclaims, demands, setoffs, defenses, accounts, suits, debts, dues, actions, causes of action, attorneys' fees, proceedings, arbitrations, damages, executions, judgments, findings, controversies and disputes, whether known or unknown or suspected or unsuspected, which against GEICO or its Insureds the Defendants ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever, whether known or unknown, suspected or unsuspected: (i) relating to or arising out

4

of any and/or all healthcare goods or services provided or billed by or through the Defendants at any time from the beginning of the world through and including the Effective Date; and (ii) relating to or arising out of the submission of bills to GEICO seeking payment for any and/or all healthcare goods, services, or facility fees provided or billed by or through the Defendants at any time from the beginning of the world through and including the Effective Date. Notwithstanding anything to the contrary herein, the release set forth in this Section 3.A specifically excludes any rights of the Defendants to seek payment from Insureds or third parties, including pursuant to a claim of lien or letter of protection, for Dates of Service prior to the Effective Date for any outstanding charge for goods and/or healthcare services rendered and/or billed to Insureds or third parties that would not have been subject to reimbursement by GEICO as personal injury protection ("PIP") benefits because it was comprised of: (i) the Insureds' or third parties' respective deductible amounts or co-insurance amounts; (ii) other amounts that exceed the amount of PIP benefits available to each subject Insured pursuant to the subject Insureds' respective policies of insurance and Fla. Stat. § 627.736; or (iii) goods and/or healthcare services rendered and/or billed to third parties who are not Insureds and, therefore, not subject to reimbursement by GEICO as PIP benefits.

        B.     The Defendants have not sold, transferred, or assigned to any other person or entity any claims, counterclaims, demands, setoffs, defenses, accounts, suits, debts, dues, actions, causes of action, attorneys' fees, proceedings, arbitrations, damages, executions, judgments, findings, controversies, or disputes of any kind whatsoever, whether in law or equity, known or unknown, foreseen or unforeseen, described in Section 3.A above. If any such claims, counterclaims, demands, setoffs, defenses, accounts, suits, debts, dues, actions, causes of action, attorneys' fees, proceedings, arbitrations, damages, executions, judgments, findings, controversies, or disputes arise, then the Defendants, jointly and severally, agree to fully indemnify GEICO for the costs of defending against them and any liabilities resulting therefrom, including without limitation costs and reasonable attorneys' fees.

4. **Release to the Defendants**

        A.     GEICO releases and discharges the Defendants from any and all legal, equitable, administrative and/or other claims, counterclaims, demands, setoffs, defenses, accounts, suits, debts, dues, actions, causes of action, attorneys' fees, proceedings, arbitrations, damages, executions, judgments, findings, controversies and disputes, whether known or unknown or suspected or unsuspected, which against the Defendants GEICO ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever, whether known or unknown, suspected or unsuspected: (i) relating to or arising out of any and/or all healthcare goods or services provided or billed by or through the Defendants at any time from the beginning of the world through and including the Effective Date; and (ii) relating to or arising out of the submission of bills to GEICO seeking payment for any and/or all healthcare goods, services, or facility fees provided or billed by or through the Defendants at any time from the beginning of the world through and including the Effective Date.

        B.     GEICO has not sold, transferred, or assigned to any other person or entity any claims, counterclaims, demands, setoffs, defenses, accounts, suits, debts, dues, actions, causes of action, attorneys' fees, proceedings, arbitrations, damages, executions, judgments, findings, controversies, or disputes of any kind whatsoever, whether in law or equity, known or unknown,

NotaryCam DocID:637b8270ca3eec0048885ee6

foreseen or unforeseen, described in Section 4.A above. If any such claims, counterclaims, demands, setoffs, defenses, accounts, suits, debts, dues, actions, causes of action, attorneys' fees, proceedings, arbitrations, damages, executions, judgments, findings, controversies, or disputes arise, then GEICO agrees to fully indemnify the Defendants for the costs of defending against them and any liabilities resulting therefrom, including without limitation costs and reasonable attorneys' fees.



Redacted

6

NotaryCam DocID:637b8270ca3eec0048885ee6



7

NotaryCam DocID:637b8270ca3eec0048885ee6



8

NotaryCam DocID:637b8270ca3eec0048885ee6



7. **Notices**

Any notices required under this Agreement to the Defendants shall be satisfied by e-mail and overnight delivery to their counsel:

Bruce S. Rosenberg, Esq.
Rosenberg Law, PA
499 NW 70th Avenue, Suite 212
Plantation, Florida 33317
rosenberg@rosenberglawpa.com

9

NotaryCam DocID:637b8270ca3eec0048885ee6

Any notices required under this Agreement to GEICO shall be satisfied by e-mail and overnight delivery to its counsel:

Max Gershenoff, Esq.
Rivkin Radler LLP
926 RXR Plaza
Uniondale, New York 11556
max.gershenoff@rivkin.com

8. **Dismissal of the Claims Against the Defendants in the Action**

A.  Contemporaneously with the execution of this Agreement, counsel for the Defendants, and counsel for GEICO, shall execute a stipulation dismissing GEICO's claims against the Defendants in the Action with prejudice pursuant to Fed. R. Civ. Proc. 41(a)(1) in the form attached hereto as Exhibit "2".

B.  The Exhibit "2" stipulation shall be held in escrow by GEICO's counsel and shall be filed with the United States District Court for the Middle District of Florida within ten (10) days following receipt of the written confirmation of the dismissal with prejudice of the Collection Proceedings as required by Section 5 of this Agreement, and following payment of the Settlement Proceeds as required by Section 2 of this Agreement.

9.  **Confidentiality**

The Parties hereto shall employ best efforts to keep the terms of this Agreement confidential, subject to the terms of this Section. Except to enforce this Agreement, to comply with any lawful order or subpoena, or in the context of any action, proceeding, or arbitration in which any of the Parties or any GEICO Insured is a party or a witness, the Parties hereto (including their agents, representatives, employees and attorneys) shall not disclose any term of this Agreement, or provide a copy thereof, to any person, entity or government body or agency not a party to this Agreement. Nothing contained in this Section shall prohibit any disclosure by any of the Parties: (i) as may be required by law for the lawful operation of their businesses; (ii) to the extent necessary to fulfill the intent contemplated by this Agreement; (iii) per applicable statutes, regulations, or regulatory authorities including by way of example and without limitation the Securities Exchange Commission and/or Internal Revenue Service; for legal counsel or (iv) in the context of any action, proceeding, or arbitration in which any of the Parties or any GEICO Insured is a party or a witness.

10. **Miscellaneous**

A.  This Agreement, including the attachments/exhibits, constitutes the entire agreement between the Parties hereto with respect to the subject matter hereof, and supersedes all other prior discussions, agreements and understandings, both written and oral, among the Parties with respect thereto.

NotaryCam DocID:637b8270ca3eec0048885ee6

B.  All questions concerning the construction, validity, interpretation, or performance of this Agreement shall be governed by Florida law, without giving effect to that state's principles regarding conflict of laws.

C.  This Agreement shall be deemed as prepared jointly by the Parties. Any ambiguity or uncertainty existing herein shall not be interpreted or construed against any Party hereto.

D.  In connection with the negotiation and execution of this Agreement, the Parties acknowledge that they have each had the benefit of representation by independent legal counsel and understand and agree to be bound by the terms set forth in this Agreement.

E.  The signatories represent and warrant that they have full authority to enter into this Agreement on behalf of the person, entity or entities for which they have signed.

F.  The Parties specifically disavow any intention to create rights in third parties under or in relation to this Agreement.

G.  If any provision of this Agreement is held, determined or adjudicated to be invalid, unenforceable or void for any reason, each such provision shall be severed from the remaining provisions of the Agreement and shall not affect the validity and enforceability of such remaining provisions.

H.  The Parties agree to execute such other documents and take such other action as may reasonably be necessary to further the purposes of this Agreement.

I.  No change or modification of this Agreement shall be valid unless it is contained in writing and signed by the Parties hereto.

J.  No provision of this Agreement may be waived except in a written instrument signed by the party against whom enforcement of any such waiver is sought. No waiver of any default with respect to any provision, condition or requirement of this Agreement shall be deemed to be a continuing waiver in the future or a waiver of any other provision, condition or requirement hereof, nor shall any delay or omission of either party to exercise any right hereunder in any manner impair the exercise of any such right accruing to it thereafter.

K.  The Parties may not assign any of their rights or obligations hereunder without the prior written approval of the other.

L.  This Agreement may be executed in two or more counterparts, all of which when taken together shall be considered one and the same agreement and shall become effective when counterparts have been signed by each party and delivered to the other party, it being understood that all parties need not sign the same counterpart. Facsimile or PDF signatures shall be deemed to be original signatures for purposes of this Agreement.

NotaryCam DocID:637b8270ca3eec0048885ee6

<u>Exhibit "2"</u>
Form of Federal Stipulation

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY CO.,

    Plaintiffs,

vs.                                                                Case No.: 6:22-cv-01711-CEM-EJK

RONALD JACK TRAVIS UTTER, D.C., et al.

    Defendants.

_____

    **IT IS HEREBY STIPULATED AND AGREED** by and between counsel for Plaintiffs and Defendants that all claims asserted by Plaintiffs against Defendants in this action are dismissed, with prejudice and without costs, pursuant to Fed. R. Civ. Proc. 41(a)(1).

| | |
|---|---|
| Smith, Gambrell & Russell, LLP | Rosenberg Law, PA |
| By:_____ | By:_____ |
| John Marino, Esq. | Bruce S. Rosenberg, Esq. |
| 50 N. Laura Street - Suite 2600 | 499 NW 70th Avenue, Suite 212 |
| Jacksonville, Florida 32202 | Plantation, Florida 33317 |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

15

11. **Jurisdiction-Enforcement**

The United States District Court for the Middle District of Florida shall retain jurisdiction to enforce the terms of this Agreement, to the extent permitted by law.

12. **Counsel Fees – Enforcement**

In any action to enforce the terms of this Agreement where the enforcing party prevails, the enforcing party shall be entitled to recover its costs, including reasonable attorneys' fees from the non-prevailing party.

Government Employees Insurance Company,
GEICO Indemnity Company, GEICO General
Insurance Company, and GEICO Casualty Company

By: *Victoria Spring*
Victoria Spring, PIP Manager

Sworn to before this 21 day of November, 2022
Jayda L. Davis
Notary Public
[Seal: JAYDA L DAVIS, Notary Public - State of Florida, Commission # HH 264954, My Comm. Expires May 15, 2026]

Ronald Jack Travis Utter, D.C.

[signature]

Sworn to before this 18th day of November, 2022
Anthea Green
Notary Public Anthea Green

Halifax Chiropractic & Injury Clinic, Inc.

[signature]

By: Ronald Jack Travis Utter – President

Sworn to before this 18th day of November, 2022
Anthea Green
Notary Public Anthea Green

No Utter Way, Inc.

[signature]

By: Ronald Jack Travis Utter - President

Sworn to before this 18th day of November, 2022
Anthea Green
Notary Public Anthea Green

Preferred Injury Physicians of Brandon, Inc.

[signature]

By: Ronald Jack Travis Utter - President

Sworn to before this 18th day of November, 2022
Anthea Green
Notary Public Anthea Green

Preferred Injury Physicians of Kissimmee, Inc.

[signature]

By: Ronald Jack Travis Utter - President

Sworn to before this 18th day of November, 2022
Anthea Green
Notary Public Anthea Green

12

Preferred Injury Physicians of Town & Country, Inc.

By: Ronald Jack Travis Utter - President

Sworn to before this 18th day of November, 2022
Anthea Green
Notary Public Anthea Green

Preferred Injury Physicians of Orange City, Inc.

By: Ronald Jack Travis Utter - President

Sworn to before this 18th day of November, 2022
Anthea Green
Notary Public Anthea Green

Preferred Injury Physicians of Wesley Chapel, Inc.

By: Ronald Jack Travis Utter - President

Sworn to before this 18th day of Anthea Green 2022 November
Anthea Green
Notary Public Anthea Green

Preferred Injury Physicians of Temple Terrace, Inc.

By: Ronald Jack Travis Utter - President

Sworn to before this 18th day of November, 2022
Anthea Green
Notary Public Anthea Green

Preferred Injury Physicians of St. Petersburg, Inc.

By: Ronald Jack Travis Utter - President

Sworn to before this 18th day of November, 2022
Anthea Green
Notary Public Anthea Green

Preferred Injury Physicians of East Orlando, Inc.

By: Ronald Jack Travis Utter - President

Sworn to before this 18th day of November, 2022
Anthea Green
Notary Public Anthea Green

Florida Injury Physicians, Inc.

By: Ronald Jack Travis Utter - President

Sworn to before this 18th day of November, 2022
Anthea Green
Notary Public Anthea Green

State of Florida   County of Volusia
Sworn to (or affirmed) and subscribed before me via ☒ physical presence, OR ☐ online notarizations this 18th day of November, 20 22.
By Ronald Jack Travis Utter
Personally known X OR produced identification ____
Type of identification produced ____
Anthea Green
ANTHEA GREEN, Notary Public
My Commission Expires 12-21-2022

Notary Public State of Florida
Anthea Green
My Commission GG 262831
Expires 12/21/2022

13

NotaryCam DocID:637b8270ca3eec0048885ee6

<u>Exhibit "1"</u>
Affidavit of Ronald Jack Travis Utter, D.C.

STATE OF FLORIDA  )
                  :ss
COUNTY OF Volusia )

Ronald Jack Travis Utter, D.C., being duly sworn, hereby states the following:

1. I am the owner and president of Halifax Chiropractic & Injury Clinic, Inc., No Utter Way Inc. d/b/a Preferred Injury Physicians, Inc., Preferred Injury Physicians of Brandon, Inc., Preferred Injury Physicians of Kissimmee, Inc., Preferred Injury Physicians of Town & Country, Inc., Preferred Injury Physicians of Orange City, Inc. d/b/a Preferred Injury Physicians of Deltona, Preferred Injury Physicians of Wesley Chapel, Inc., Preferred Injury Physicians of Temple Terrace, Inc., Preferred Injury Physicians of St. Petersburg, Inc., Preferred Injury Physicians of East Orlando, Inc. and Florida Injury Physicians, Inc. Other than Halifax Chiropractic & Injury Clinic, Inc., No Utter Way Inc. d/b/a Preferred Injury Physicians, Inc., Preferred Injury Physicians of Brandon, Inc., Preferred Injury Physicians of Kissimmee, Inc., Preferred Injury Physicians of Town & Country, Inc., Preferred Injury Physicians of Orange City, Inc. d/b/a Preferred Injury Physicians of Deltona, Preferred Injury Physicians of Wesley Chapel, Inc., Preferred Injury Physicians of Temple Terrace, Inc., Preferred Injury Physicians of St. Petersburg, Inc., Preferred Injury Physicians of East Orlando, Inc. and Florida Injury Physicians, Inc, I own no entities or healthcare practices that have submitted any billing to Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, or GEICO Casualty Company that remains outstanding or unpaid.

3. I hereby withdraw with prejudice and without costs or attorneys' fees all lawsuits, arbitrations or other proceedings seeking payment from Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, or GEICO Casualty Company in the name of Halifax Chiropractic & Injury Clinic, Inc., No Utter Way Inc. d/b/a Preferred Injury Physicians, Inc., Preferred Injury Physicians of Brandon, Inc., Preferred Injury Physicians of Kissimmee, Inc., Preferred Injury Physicians of Town & Country, Inc., Preferred Injury Physicians of Orange City, Inc. d/b/a Preferred Injury Physicians of Deltona, Preferred Injury Physicians of Wesley Chapel, Inc., Preferred Injury Physicians of Temple Terrace, Inc., Preferred Injury Physicians of St. Petersburg, Inc., Preferred Injury Physicians of East Orlando, Inc. and Florida Injury Physicians, Inc. as of the date of this affidavit. I authorize Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, or GEICO Casualty Company to submit this affidavit in any proceeding, lawsuit and/or arbitration filed against it that seeks payment from it in the name of East Coast Medical Rehab, Inc.

_____
Ronald Jack Travis Utter, D.C.

Sworn to before me this 18th day of November, 2022.

Notary Public

14

NotaryCam DocID:637b8270ca3eec0048885ee6