UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO
INDEMNITY CO., GEICO
GENERAL INSURANCE
COMPANY, and GEICO
CASUALTY CO.,

    Plaintiffs,

v.              Case No: 6:23-cv-943-CEM-EJK

RONALD JACK TRAVIS UTTER,
D.C. , HALIFAX CHIROPRACTIC
& INJURY CLINIC, INC., NO
UTTER WAY, PREFERRED
INJURY PHYSICIANS OF
BRANDON, INC., PREFERRED
INJURY PHYSICIANS OF
KISSIMMEE, INC., PREFERRED
INJURY PHYSICIANS OF TOWN
& COUNTRY, INC., PREFERRED
INJURY PHYSICIANS OF
ORANGE CITY, INC.,
PREFERRED INJURY
PHYSICIANS OF WESLEY
CHAPEL, INC., PREFERRED
INJURY PHYSICIANS OF
TEMPLE TERRACE, INC.,
PREFERRED INJURY
PHYSICIANS OF ST.
PETERBURG, INC., PREFERRED
INJURY PHYSICIANS OF EAST
ORLANDO, INC., and UTTER
CORP.,

    Defendants.

**ORDER**

This cause comes before the Court on Plaintiffs' Motions for Clerk's Default against each of the twelve Defendants. (Docs. 29–40, 42.)

## I. BACKGROUND

Plaintiffs instituted this breach of contract action against Defendants Ronald Jack Travis Utter, D.C., and eleven corporate entities Utter owns and controls, for their alleged breach of a Settlement and Release Agreement dated November 21, 2022. (Doc. 1 ¶¶ 1, 9.) Plaintiffs served Defendant Utter on July 18, 2023 (Doc. 41), and the corporate Defendants between June 1 and June 8, 2023 (Docs. 16–22, 24–27). To date, none of the Defendants have appeared in this case. Plaintiffs now seek entry of a clerk's default against each Defendant. (Docs. 29–40, 42.)

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III. DISCUSSION

Defendants have not responded to Plaintiffs' Complaint (Doc. 1) or otherwise appeared, and the time to do so has expired. Fed. R. Civ. P. 12(a)(1)(A)(i) (providing

that a defendant must file a responsive pleading to a complaint within 21 days after being served a copy of the summons and the complaint). The Court must now determine whether Plaintiffs perfected service on Defendants.

### A. Defendant Ronald Jack Travis Utter, D.C.

Federal Rule of Civil Procedure 4(e) provides that service on an individual may be perfected by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). Here, Defendant Utter was personally served with a copy of the summons and Complaint (Doc. 41-1), and thus the Court finds that service of process was perfected on Defendant Utter, pursuant to Rule 4(e). Therefore, the Motion for Clerk's Default against him (Doc. 42) is due to be granted.

### B. The Corporate Defendants

As to a corporate defendant, the Federal Rules provide that service can be made by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. 4(e)(1), 4(h)(1)(A).

Florida Statutes permit process to be served on a corporation by serving any one of the following persons: (a) the president, vice president or other corporate head; (b) the cashier, treasurer, secretary, or general manager; (c) any corporate director; (d) any officer or business agent residing in Florida; (e) or an agent designated by the corporation under Florida Statute § 48.091.[1] *See* Fla. Stat. § 48.081.

Here, Plaintiffs served each of the corporate Defendants by leaving the summons and Complaint with Debora Dicents, who, according to the affidavits of service, was "authorized to accept" service on behalf of each of the entities. (Docs. 16–22, 24–27.) The affidavits of service further assert service was perfected in accordance with "48.081 (1)(a)(b)(c)(d), (2) or (3)" without additional detail. (*Id.*) The Motions,

---

[1] Florida Statute § 48.091 provides:

> (1) Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with part I of chapter 607.
>
> (2) Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Under the statute, if a plaintiff is unable to serve the registered agent because of the defendant's failure to comply with Florida Statute § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." Fla. Stat. § 48.081(3)(a).

for their part, do not shed any additional light on which Rule or statute service was perfected under. Because the Motions do not contain this requisite detail, the Court cannot conclude that service on Debora Dicents was effective as to the corporate entities. Therefore, the Motions for Clerk's Default[2] against the corporate Defendants (Docs. 29–40) are due to be denied without prejudice.

## IV.     CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion for Clerk's Default against Defendant Ronald Jack Travis Utter, D.C. (Doc. 42) is **GRANTED**. The Clerk is **DIRECTED** to enter default as to Defendant Ronald Jack Travis Utter, D.C.

2. The Motions for Clerk's Default against the remaining Defendants (Docs. 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40) are **DENIED WITHOUT PREJUDICE**. Plaintiffs may file renewed motions that address the deficiencies identified in this Order, or, alternatively, may re-serve the corporate Defendants **within 30 days** of the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida on August 15, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[2] The Motions at Docket Entries 31 and 32 appear to be duplicative.