UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO
INDEMNITY CO., GEICO
GENERAL INSURANCE
COMPANY, and GEICO
CASUALTY CO.,

        Plaintiffs,

v.                              Case No: 6:23-cv-943-CEM-EJK

RONALD JACK TRAVIS UTTER,
D.C. , HALIFAX CHIROPRACTIC
& INJURY CLINIC, INC., NO
UTTER WAY, PREFERRED
INJURY PHYSICIANS OF
BRANDON, INC., PREFERRED
INJURY PHYSICIANS OF
KISSIMMEE, INC., PREFERRED
INJURY PHYSICIANS OF TOWN
& COUNTRY, INC., PREFERRED
INJURY PHYSICIANS OF
ORANGE CITY, INC.,
PREFERRED INJURY
PHYSICIANS OF WESLEY
CHAPEL, INC., PREFERRED
INJURY PHYSICIANS OF
TEMPLE TERRACE, INC.,
PREFERRED INJURY
PHYSICIANS OF ST.
PETERBURG, INC., PREFERRED
INJURY PHYSICIANS OF EAST
ORLANDO, INC., and UTTER
CORP.,

        Defendants.

**ORDER**

This cause comes before the Court on Plaintiffs' Motions for Clerk's Default against each of the eleven corporate Defendants, filed November 6, 2023. (Docs. 82–92.)

## I. BACKGROUND

Plaintiffs instituted this breach of contract action against Defendants Ronald Jack Travis Utter, D.C., and eleven corporate entities Utter owns and controls, for their alleged breach of a Settlement and Release Agreement dated November 21, 2022. (Doc. 1 ¶¶ 1, 9.) Previously, the Court granted Plaintiffs' motion for a clerk's default against Utter, but denied the motions for a clerk's default against the eleven corporate Defendants because Plaintiffs had failed to establish that each entity was properly served under either the federal or state rules. (Doc. 43.) Plaintiffs now renew their motions for a clerk's default against each of the corporate Defendants, asserting that they have been served by substituted service on Florida's Secretary of State. (Docs. 82–92.)

## II. STANDARD

In certain circumstances, substituted service of process may be effectuated upon a nonresident or a party who conceals his or her whereabouts. *EHR Aviation, Inc. v. Lawson*, No. 3:09-cv-210-J-32TEM, 2011 WL 46119, at *1 (M.D. Fla. January 6, 2011). Valid substituted service on the Secretary of State requires strict compliance with the statutory provisions for substituted service. *City of Jacksonville v. Arrigato, Inc.*, No. 3:10-cv-211-J-32MCR, 2010 WL 3069135, at *1 (M.D. Fla. August 4, 2010)

(citing *George Fisher, Ltd. v. Plastiline, Inc.*, 379 So.2d 697, 699 (S.D. Fla. 1980)). "The courts have consistently observed that statutes relating to substituted service of process (in lieu of personal service of process) must be strictly construed; and the burden of proof to sustain the validity of substituted service of process rests upon the person seeking to invoke the provisions of such statutes." *Hughes v. American Tripoli, Inc.*, No. 2:04-cv-485-FtM-29DNF, 2007 WL 2071529, at *1–2 (M.D. Fla. July 17, 2007) (citing *Elmex Corp. v. Atlantic Fed. Sav. & Loan Ass'n of Ft. Lauderdale*, 325 So.2d 58, 61 (Fla. 4th DCA 1976) (citations omitted)).

### III. DISCUSSION

As an initial matter, none of the Motions for Clerk's Default contain a memorandum of law addressing how Plaintiffs have adequately complied with Florida law for substituted service of process on the corporate Defendants. *See* Local Rule 3.01(a) ("A motion must include . . . a legal memorandum supporting the request.")_

Plaintiffs must demonstrate that they have met all the requirements for effectuating substituted service of process on Defendants, which their Motions fail to do. *See* Fla. Stat. § 48.161. Section 48.161 states in pertinent part:

> When an individual or a business entity conceals its whereabouts, the party seeking to effectuate service, after exercising due diligence to locate and effectuate personal service, may use substituted service [by Serving the Secretary of State] . . . in connection with any action in which the court has jurisdiction over such individual or business entity. . . . The party effectuating service is considered to have used due diligence if that party:
>
> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to

      acquire the information necessary to effectuate personal service;

(b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and

(c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

Fla. Stat. § 48.161(3), (4)(a)–(c). As the Motions do not address these factors or make any argument as to why the Court should approve substituted service of process on the corporate Defendants, they are due to be denied.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motions for Clerk's Default (Docs. 82–92) are **DENIED WITHOUT PREJUDICE**.

2. Plaintiffs may file renewed motions that address the deficiencies identified in this Order, or, alternatively, may re-serve the corporate Defendants **within 30 days** of the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida on November 28, 2023.

                                                EMBRY J. KIDD
                                                UNITED STATES MAGISTRATE JUDGE