UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO
INDEMNITY CO., GEICO
GENERAL INSURANCE
COMPANY, and GEICO
CASUALTY CO.,

        Plaintiffs,

v.                                                                                  Case No: 6:23-cv-943-CEM-EJK

RONALD JACK TRAVIS UTTER,
D.C. , HALIFAX CHIROPRACTIC
& INJURY CLINIC, INC., NO
UTTER WAY, PREFERRED
INJURY PHYSICIANS OF
BRANDON, INC., PREFERRED
INJURY PHYSICIANS OF
KISSIMMEE, INC., PREFERRED
INJURY PHYSICIANS OF TOWN
& COUNTRY, INC., PREFERRED
INJURY PHYSICIANS OF
ORANGE CITY, INC.,
PREFERRED INJURY
PHYSICIANS OF WESLEY
CHAPEL, INC., PREFERRED
INJURY PHYSICIANS OF
TEMPLE TERRACE, INC.,
PREFERRED INJURY
PHYSICIANS OF ST.
PETERBURG, INC., PREFERRED
INJURY PHYSICIANS OF EAST
ORLANDO, INC., and UTTER
CORP.,

        Defendants.

**ORDER**

This cause comes before the Court on Plaintiffs' Motion to Deem Substitute Service of Process Perfected (the "Motion") (Doc. 97), filed December 22, 2023, which the Court construes as a Motion for Clerk's Default. Upon consideration, the Motion is due to be granted.

## I. BACKGROUND

Plaintiffs instituted this breach of contract action against Defendants Ronald Jack Travis Utter, D.C., and eleven corporate entities Utter owns and controls (the "Corporate Defendants"), for their alleged breach of a Settlement and Release Agreement dated November 21, 2022. (Doc. 1 ¶¶ 1, 9.) Previously, the Court granted Plaintiffs' motion for a clerk's default against Utter, but denied the motions for a clerk's default against the Corporate Defendants because Plaintiffs had failed to establish that each entity was properly served under either the federal or state rules. (Doc. 43.) Plaintiffs then attempted to re-serve the Corporate Defendants but were unable to do so. Therefore, they requested that the Corporate Defendants be defaulted by virtue of substituted service on Florida's Secretary of State. (Docs. 82–92.) The Court denied those motions without prejudice due to insufficient briefing on the matter. (Doc. 96.) This renewed Motion followed. (Doc. 97.)

## II. STANDARD

In certain circumstances, substituted service of process may be effectuated upon a nonresident or a party who conceals his or her whereabouts. *EHR Aviation, Inc. v. Lawson*, No. 3:09-cv-210-J-32TEM, 2011 WL 46119, at *1 (M.D. Fla. January 6,

2011). Valid substituted service on the Secretary of State requires strict compliance with the statutory provisions for substituted service. *City of Jacksonville v. Arrigato, Inc.*, No. 3:10-cv-211-J-32MCR, 2010 WL 3069135, at *1 (M.D. Fla. August 4, 2010) (citing *George Fisher, Ltd. v. Plastiline, Inc.*, 379 So.2d 697, 699 (S.D. Fla. 1980)). Specifically, "[t]he courts have consistently observed that statutes relating to substituted service of process (in lieu of personal service of process) must be strictly construed; and the burden of proof to sustain the validity of substituted service of process rests upon the person seeking to invoke the provisions of such statutes." *Hughes v. American Tripoli, Inc.*, No. 2:04-cv-485-FtM-29DNF, 2007 WL 2071529, at *1–2 (M.D. Fla. July 17, 2007) (citing *Elmex Corp. v. Atlantic Fed. Sav. & Loan Ass'n of Ft. Lauderdale*, 325 So.2d 58, 61 (Fla. 4th DCA 1976) (citations omitted)).

## III.  DISCUSSION

Plaintiffs seek to deem the Corporate Defendants served through substituted service on Florida's Secretary of State. Florida Statute § 48.091 requires every domestic corporation to designate a registered agent and registered office, and to keep such office open from at least 10 a.m. to 12 p.m., save for weekends and holidays, so that the entity may be served with process. Fla. Stat. § 48.091(2), (3). Section 48.081 allows a corporation to be served with process through service on its registered agent. Fla. Stat. § 48.081(2).

Utter was the registered agent for each of the eleven Corporate Defendants. (Doc. 97-1 at 2.) Plaintiffs' process server first attempted to serve Utter at the listed registered agent's address (which corresponded to a business address) on June 1 and

June 8, 2023, between the hours of 10 a.m. and noon, but he was not present. (Docs. 16–22, 24–27.) Plaintiffs also aver that they attempted to serve Utter at his residential address on five different occasions and were unable to do so. (Doc. 97-1 ¶¶ 11–15.) The process server made several more attempts to serve Utter at the registered agent's address between September 5 and September 7, 2023. (Docs. 47–57.) Again, Utter was not present on any of these occasions. Therefore, Plaintiffs have established that the Corporate Defendants failed to comply with Florida Statute § 48.091.

Florida Statute § 48.081 then provides that if service of process cannot be made on the registered agent after one good faith attempt because of a failure to comply with § 48.091, then process can be served on, among other people, any person listed publicly by the corporation on its latest annual report. Fla. Stat. § 48.081(3)(b). But the only person listed on the annual reports for any of the Corporate Defendants is Utter. (Doc. 97-1 at 3.) In that instance, the Florida Statutes allow process to be served on the Secretary of State as agent of the corporation, as provided by Florida Statute § 48.161. Fla. Stat. § 48.081(4).

Therefore, Plaintiffs must demonstrate that they have met all the requirements for effectuating substituted service of process on the Corporate Defendants under § 48.161. To do so, a plaintiff must: (1) serve the Secretary of State by providing them with a copy of the summons and complaint; (2) pay the requisite fee to the Secretary of State; (3) provide Notice of service upon the Secretary of State to the defendant by sending them a copy of the summons and the complaint by registered or certified mail; and (4) file an affidavit of compliance within 40 days after the date of service on the

Secretary of State, or within additional time if the court allows, that establishes that substituted service is proper under the section and that due diligence was exercised in attempting to effectuate personal service on the party before using substituted service. Fla. Stat. § 48.161(1)–(2).

      Here, Plaintiffs served the Secretary of State of the State of Florida by providing the State with a copy of the summonses and Complaint; Plaintiffs paid the requisite fee to the Secretary of State; and the Secretary of State accepted service on behalf of the Corporate Defendants on September 21, 2023. (Docs. 60–70; 97-1 ¶ 22.) Plaintiffs then provided notice of service upon the Secretary of State to the Corporate Defendants by sending them a copy of the summons and the Complaint by certified mail to Utter's home address. (Docs. 71–81; 97-1 ¶ 22.) Finally, Plaintiffs filed an affidavit of compliance with the Court to demonstrate that substituted service had been effectuated against the Corporate Defendants, and to establish that substituted service was proper and that due diligence was exercised in attempting to effectuate personal service. (Docs. 82–92; 97-1.) These same documents were also served on Utter via electronic mail to workutter@gmail.com on September 28, 2023. (Docs. 71–81.) Accordingly, Plaintiffs have complied with all of the requirements of Florida Statute § 48.161, and a clerk's default is due to be entered for the Corporate Defendants' failure to appear in this case.

## IV.   CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiffs' Motion to Deem Substitute Service of Process Perfected (Doc. 97) is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to enter default against Defendants Halifax Chiropractic & Injury Clinic, Inc., No Utter Way d/b/a Preferred Injury Physicians, Inc., Preferred Injury Physicians of Brandon, Inc., Preferred Injury Physicians of Kissimmee, Inc., Preferred Injury Physicians of Town & Country, Inc., Preferred Injury Physicians of Orange City, Inc. d/b/a Preferred Injury Physicians of Deltona, Preferred Injury Physicians of Wesley Chapel, Inc., Preferred Injury Physicians of Temple Terrace, Inc., Preferred Injury Physicians of St. Peterburg, Inc., Preferred Injury Physicians of East Orlando, Inc., and Utter Corp.

**DONE** and **ORDERED** in Orlando, Florida on March 18, 2024.

*[signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE