UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY CO.,

      Plaintiffs,

vs.

**Case No.: 6:23-cv-00943-CEM-EJK**

RONALD JACK TRAVIS UTTER, D.C. et al.,

      Defendants.

_____

## PLAINTIFFS' MOTION AND SUPPORTING MEMORANDUM FOR DEFAULT FINAL JUDGMENT

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "GEICO" or "Plaintiffs") respectfully move for entry of default final judgment against Defendants Ronald Jack Travis Utter, D.C. ("Utter"), Halifax Chiropractic & Injury Clinic, Inc. ("Halifax"), No Utter Way d/b/a Preferred Injury Physicians, Inc. ("No Utter Way"), Preferred Injury Physicians of Brandon, Inc. ("PIP Brandon"), Preferred Injury Physicians of Kissimmee, Inc. ("PIP Kissimmee"), Preferred Injury Physicians of Town & Country, Inc. ("PIP Town & Country"), Preferred Injury Physicians of Orange City, Inc. d/b/a Preferred Injury Physicians of Deltona ("PIP Orange City"), Preferred Injury Physicians of Wesley Chapel, Inc. ("PIP Wesley Chapel"), Preferred Injury Physicians of Temple Terrace, Inc. ("PIP Temple Terrace"), Preferred Injury

1

Physicians of St. Petersburg, Inc. ("PIP St. Petersburg"), Preferred Injury Physicians of East Orlando, Inc. ("PIP East Orlando"), and Utter Corp. (collectively the "Defaulting Defendants").

Specifically, Plaintiffs seek default final judgment against the Defaulting Defendants with respect to:

(i)   the First Cause of Action against Utter, Halifax, No Utter Way, PIP Brandon, PIP Kissimmee, PIP Town & Country, PIP Orange City, PIP Wesley Chapel, PIP Temple Terrace, PIP St. Petersburg, PIP East Orlando for Breach of Contract;

(ii)  the Second Cause of Action against Halifax for violation of Fla. Stat. § 68.065;

(iii) the Third Cause of Action against Utter Corp. for violation of Fla. Stat. § 68.065; and

(iv)  the Fourth Cause of Action against PIP Brandon for violation of Fla. Stat. § 68.065.

The grounds and authority for this motion are set forth in the following memorandum, which is incorporated as part of this motion.

## MEMORANDUM OF LAW

### I.   Relevant Procedural History

GEICO commenced this action on May 22, 2023, against the Defaulting Defendants. See ECF No. 1.

Utter was personally served with the Summons and Complaint in this action on July 18, 2023. See ECF No. 41-1.

Due to Utter's failure to appear in this action, the Court granted GEICO's motion for entry of default as to Utter on August 15, 2023. See ECF No. 43.

The Clerk of the Court entered Utter's default on August 16, 2023. <u>See</u> ECF No. 44.

GEICO made numerous unsuccessful attempts to serve Halifax, No Utter Way, PIP Brandon, PIP Kissimmee, PIP Town & Country, PIP Orange City, PIP Wesley Chapel, PIP Temple Terrace, PIP St. Petersburg, PIP Orlando, and Utter Corp. (collectively the "Corporate Defendants") with process through Utter on multiple occasions. Specifically, GEICO's process server first attempted to serve Utter at the listed registered agent's address (which corresponded to a business address) on June 1, 2023, and June 8, 2023. <u>See</u> ECF 16-22, 14-27. GEICO then made several more unsuccessful attempts to serve Utter at the registered agent's address between September 5 and September 7, 2023. <u>See</u> ECF 47-57.  Thereafter, on September 21, 2023, GEICO properly served the Secretary of State of the State of Florida by providing the State with a copy of the summonses and Complaint; Plaintiffs paid the requisite fee to the Secretary of State; and the Secretary of State accepted service on behalf of the Corporate Defendants. <u>See</u> ECF No. 59. GEICO then made a motion to Deem Substitute Service of Process Perfected[1] on December 22, 2023 (<u>See</u> ECF No. 97), which this Court granted on March 18, 2024. <u>See</u> ECF No. 99.

Finally, due to the Corporate Defendants failure to appear in this case, the Clerk of the Court entered the default of the Corporate Defendants on March 19, 2024. <u>See</u> ECF No. 101.

---

[1] The Court also construed this motion to Deem Substitute Service of Process Perfected as a Motion for the Clerks Entry of Default against the Utter Entities. <u>See</u> ECF No. 99 at 2.

II.    <u>**GEICO's Claims Against the Defaulting Defendants**</u>

The facts supporting the claims and the damages sought in this action are set forth more fully in the Complaint and supporting exhibits. GEICO respectfully refers the Court to those materials for the full contours of the allegations against the Defaulting Defendants.

Briefly, however, GEICO alleges that on or about September 19, 2022, GEICO commenced a litigation against the Defaulting Defendants in the United States District Court for the Middle District of Florida in an action entitled <u>Government Employees Insurance Co., et. al. v. Ronald Jack Travis Utter, D.C., et al.</u>, Case No.: 6:22-cv-01711-CEM-EJK (hereinafter referred to as the "RICO Action"). <u>See</u> ECF No. 1, ¶ 24. In the RICO Action, GEICO alleged, among other things, that Utter was previously a chiropractor licensed to practice chiropractic in the State of Florida but, in April 2020, the Florida Department of Health issued an emergency order prohibiting Utter from practicing chiropractic in Florida. <u>See</u> <u>id</u>. at ¶ 25.

Nonetheless, Utter continued to unlawfully operate his various entities in pervasive violation of Florida law, and received more than $10,000,000.00 in personal injury protection ("PIP") benefits from GEICO to which the Defaulting Defendants were not entitled. <u>See</u> <u>id</u>. at ¶ 26. Based on these allegations, among others, GEICO asserted claims against the Defaulting Defendants for, variously, civil RICO violations, violations of the Florida Deceptive and Unfair Trade Practices Act, common law fraud, aiding and abetting fraud, unjust enrichment, and declaratory relief. <u>See</u> <u>id</u>. at ¶ 27.

On November 21, 2022, GEICO, Defendants Utter, Halifax, No Utter Way, PIP Brandon, PIP Kissimmee, PIP Town & Country, PIP Orange City, PIP Wesley Chapel, PIP Temple Terrace, PIP St. Petersburg, PIP East Orlando (the "Settling Defendants") entered into a settlement agreement (the "Agreement") to settle GEICO's claims in the RICO Action. See id. at ¶ 28. The Agreement is attached as Exhibit "1".

As is relevant for the present action, pursuant to the Agreement, the Settling Defendants agreed to, among other things, pay GEICO the sum of $550,000.00 on or before December 15, 2022. See id. at ¶ 29. Specifically, Section 2.A of the Agreement provides as follows: "The Defendants shall pay to GEICO the sum of $550,000.00 (the 'Settlement Proceeds') in the form of a certified or attorney's escrow check, made payable to 'Government Employees Insurance Company' and delivered to GEICO's counsel … on or before December 15, 2022." See id. at ¶ 31.

Moreover, Section 2.B of the Agreement provides, among other things, that:

In the event that the Defendants default in making payment of any portion of the Settlement Proceeds required under this Agreement, and fail to cure the default within fifteen (15) days after receipt of written notice as set forth in Section 7 herein, then GEICO shall be entitled to immediately enter a judgment against the Defendants, or any of them, for which they will be jointly and severally liable, in the amount of any remaining unpaid balance of the Settlement Proceeds (the "default judgment"). This sum shall be deemed liquidated damages for the Defendants' conduct as alleged in the Complaint in the Action, and is not a penalty. Interest on the default judgment shall accrue at the maximum rate allowable under Fla. Stat. 55.03 until fully paid. In addition, GEICO shall be entitled to reimbursement of all reasonable attorneys' fees, costs and disbursements that GEICO incurs in connection with any collection activities.

See id. at ¶ 32. Section 7 of the Agreement provides that notices required under the Agreement to the Settling Defendants were to be satisfied via email and overnight mail to their counsel. See id. at ¶ 33.

On or about December 15, 2022, GEICO's counsel received a total of five (5) worthless checks (the "Worthless Checks"), two from Halifax, two from Utter Corp., and one from PIP Brandon, each in the amount of $110,000.00, purportedly as satisfaction of the Settling Defendants' payment obligations under the Agreement. See id. at ¶ 34. However, when GEICO attempted to deposit the Worthless Checks, all five checks were returned for lack of sufficient funds. See id. at ¶ 36. On January 10, 2023, GEICO, through its counsel, wrote to counsel for the Settling Defendants, via email and overnight mail to provide them with notice, pursuant to Sections 2 and 7 of the Agreement, of the Settling Defendants' default of their payment obligations under the Agreement, and to demand that the Settling Defendants cure that default – namely, by remitting payment to GEICO pursuant to the Agreement – within 15 days. See id. at ¶ 36; ECF 1-4. A complete copy of the required notice is attached hereto as Exhibit "2".

Despite GEICO's properly delivered notice, the Settling Defendants failed to cure their default, and to date have failed to pay any amount of the $550,000.00 Settlement Proceeds owed by the Settling Defendants pursuant to the Agreement. See ECF No. 1, ¶ 38. The Settling Defendants' failure to timely pay the agreed upon $550,000.00 Settlement Proceeds by December 15, 2022, or to cure their default within

fifteen (15) days of receiving written notice of the default, is in direct violation of the Agreement and constitutes a material breach of the Agreement. See id. at ¶ 39.

As a result of the Settling Defendants' breach of their obligations to pay the Settlement Proceeds, GEICO has been injured and suffered damages in the amount of $550,000.00. See id. at ¶ 43. What is more, as this is in part an action to enforce the terms of and secure compliance with the Agreement, pursuant to Sections 2 and 12 of the Agreement, should Plaintiffs prevail in this Action, they are entitled to recover their "costs, including reasonable attorneys' fees from the non-prevailing party" and interest on the outstanding Settlement Proceeds at the maximum rate allowable under Fla. Stat. 55.03 until fully paid. See id. at ¶ 44.

Moreover, on or about April 17, 2023, GEICO sent a notice pursuant to Fla. Stat. § 68.065(4), to Defendants Halifax, Utter Corp., and PIP Brandon that the Worthless Checks had been dishonored and that they had 30 days from receipt of the notice to tender payment in cash of the full amount of the dishonored payment instrument, plus a service charge of 5 percent of the face amount of the dishonored instrument. See id. at ¶ 45. Halifax, Utter Corp., and PIP Brandon ignored this notice, and GEICO commenced this action more than 30 days after service of the Fla. Stat. § 68.065(4) notice. See id. at ¶ 46. Complete copies of the required Fla. Stat. § 68.065(4) notices are attached hereto as Exhibit "3".

## IV.    GEICO's Damages

As set forth in the accompanying declaration of Max Gershenoff (the "Gershenoff Decl."), GEICO has incurred damages in the amount of $550,000.00 as

a result of the Settling Defendants breach of the Agreement, along with the reasonable attorneys' fees that Plaintiffs have incurred in enforcing the Agreement and interest.

In addition, and as also set forth in the Gershenoff Decl., as a result of the various violations of Fla. Stat. § 68.065, GEICO has incurred damages in the amount of: (i) $220,000.00, plus a 5 percent service charge and additional damages for triple the Settlement Proceeds, totaling $891,000.00 ($660,000.00 in treble damages, a $11,000.00 service charge, and the $220,000.00 originally owing on the Worthless Checks) from Halifax; (ii) $220,000.00, plus a 5 percent service charge and additional damages for triple the Settlement Proceeds, totaling $891,000.00 ($660,000.00 in treble damages, a $11,000.00 service charge, and the $220,000.00 originally owing on the Worthless Checks) from Utter Corp.; and (iii) $110,000.00, plus a 5 percent service charge and additional damages for triple the Settlement Proceeds, totaling $445,500.00 ($330,000.00 in treble damages, a $5,500.00 service charge, and the $110,000.00 originally owing on the Worthless Check) from PIP Brandon.

## ARGUMENT

### I.    The Standard of This Motion

Rule 55(a) of the Federal Rules of Civil Procedure provides that the Clerk of the Court "must" enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the] rules." Fed. R. Civ. P. 55(a). As discussed above, the Court has entered the Defaulting Defendants' default.

This Court can enter a default judgment when the well-pleaded allegations in a Complaint adequately state a claim for which relief may be granted. See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009); Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 760, 863 (11th Cir. 2007); State Farm Mutual Auto. Ins. Co. v. Advance Medical Assoc., 2018 WL 7144244 *1 (S.D. Fla. December 20, 2018). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." TracFone Wireless, Inc., 196 F. Supp.3d at 1294 (S.D. Fla. 2016) (quoting Eagle Hosp. Physicians, LLC, 561 F.3d at 1307).

"A default judgment awarding damages may be entered without a hearing where the amount claimed is a liquidated sum or one capable of mathematical calculation." TracFone Wireless, Inc., 196 F. Supp.3d at 1302 (quotations omitted) (quoting Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543–44 (11th Cir.1986). In determining GEICO's proof of damages, the Court may consider, among other things, the Agreement submitted herewith which is the contract forming the basis of this action and which details the monies owed by the Defaulting Defendants to GEICO, the Gershenoff Declaration submitted herewith, which describes the interest owed to GEICO resulting from the Settling Defendants for breach of contract. Consistent with these standards, and as set forth below, the facts pleaded are legally sufficient to state GEICO's claims against (i) the Settling Defendants for breach of contract; (ii) Halifax for violation of Fla. Stat. § 68.065; (iii) Utter Corp. for violation of Fla. Stat. § 68.065; and (iv) PIP Brandon for violation of Fla. Stat. § 68.065. In the attached exhibits, GEICO has set forth sufficient proof that

9

a hearing is not required and that damages can be determined by mathematical calculations.

## II.    GEICO is Entitled to Default Final Judgment Against the Settling Defendants

This Court should enter default final judgment against the Defaulting Defendants because the well-pleaded allegations in the Complaint sufficiently state claims for which relief can be granted against the Settling Defendants on GEICO's breach of contract cause of action, and the various causes of action pursuant to the violation of Fla. Stat. § 68.065.

### A.    GEICO is Entitled to a Default Judgment on its First Cause of Action for Breach of Contract Against the Settling Defendants

GEICO has sufficiently stated facts to support its Breach of Contract cause of action against the Settling Defendants. As detailed above, the Complaint sufficiently alleges that the Settling Defendants entered into and agreed upon the terms of the Agreement to settle the RICO action, on or about November 21, 2022. The Agreement, in relevant part, obligated the Settling Defendants to pay GEICO the sum of $550,000.00 on or before December 15, 2022. The Settling Defendants have failed to pay the amount owed in timely fashion. On January 10, 2023, GEICO, via its counsel, wrote to counsel for the Settling Defendants via email and overnight mail to provide them with notice, pursuant to Sections 2 and 7 of the Agreement, of the Settling Defendants' default of their payment obligations under the Agreement, and to demand that the Settling Defendants cure that default – namely, by remitting payment

to GEICO pursuant to the Agreement – within 15 days. A copy of the January 10,
2023, letter notice is attached hereto as Exhibit "2".

Despite GEICO's properly delivered notice, the Settling Defendants failed to
cure their default, and to date have failed to pay the amount of $550,000.00 owed by
the Settling Defendants pursuant to the Agreement.

Florida contract law governs the construction and enforcement of settlement
agreements, which are contracts. Schwartz v. Florida Bd. of Regents, 807 F.2d 901,
905 (11th Cir. 1987). And as with any contract, the Court must enforce the plain
meaning of the settlement agreement's unambiguous provisions. F.W.F., Inc. v.
Detroit Diesel Corp., 308 F. App'x. 389, 393 (11th Cir. 2009). Moreover, Florida law
establishes that "settlements are highly favored and will be enforced whenever
possible." Coquina Invs. v. TD Bank, N.A., 760 F.3d 1300, 1318 (11th Cir. 2014)
(quoting Robbie v. City of Miami, 469 So. 2d 1384, 1385 (Fla. 1985)).

Under Florida law, "[t]he elements of a breach of contract action are (1) a valid
contract; (2) a material breach; and (3) damages." Beck v. Lazard Freres & Co., 175
F.3d 913, 914 (11th Cir. 1999)

As set forth in the Complaint, at all relevant times there was a valid agreement
between Plaintiffs and the Settling Defendants pursuant to which the Settling
Defendants agreed to pay GEICO the sum of $550,000.00 in the form of a certified or
attorney's escrow check, made payable to "Government Employees Insurance
Company" and delivered to GEICO's counsel, Rivkin Radler LLP, on or before
December 15, 2022. the Settling Defendants, as described herein, engaged in conduct

11

in direct violation of the terms of the Agreement by failing to timely pay any amount of the $550,000.00 Settlement Proceeds or to cure their default after receiving the required notice which constituted a material breach of the Agreement. In keeping with the fact that the breach was "material", GEICO alleges that it would not have entered into the Agreement absent the Settling Defendants' promise to pay. What is more, as set forth in the Gershenoff Declaration, GEICO was actually damaged as the result of this conduct and the damages amount is a sum certain.

In this context, numerous courts, including this Court, have granted motions for default judgment in a breach of contract action filed to enforce a settlement agreement, after a motion to re-open the prior litigation was denied. See e.g., Game Craft, LLC v. Vetor Putting, LLC, 2015 U.S. Dist. LEXIS 197217, at *6-*10 (M.D. Fla. 2015)(Mendoza J.)(granting motion for default judgment as to individual defendants in breach of contract action to enforce settlement agreement after previous court denied motion to re-open the prior litigation); Mickeleit v. Vallarino Fry Law, P.A., 2023 U.S. Dist. LEXIS 159595, *6-*8 (M.D. Fla 2023)(same); Sitezeus, LLC v. Bos. Mkt. Corp., 2023 U.S. Dist. LEXIS 216237, at *12 (M.D. Fla. 2023) (recommending same).

What is more, Courts within this Circuit frequently have enforced settlement agreements – like the Agreement in this matter – by entering judgments for the outstanding settlement amount following a default pursuant to those agreements. See, e.g., Gov't Emps. Ins. Co. et al. v. DG Esthetic and Therapy Ctr., Inc. et al, No. 1:18-cv-20921-CMA, ECF No. 135, (S.D. Fla. June. 23, 2020)(granting motion to enforce

12

a settlement agreement and entering judgment for the entire outstanding settlement amount plus post judgment interest, when the defendants failed to make the requisite installment payments); Tapp v. Puppy Mgmt. Inc., 2019 WL 2267209 at *2 (S.D. Fla. 2019)(stating that the defendants breached a material term of the settlement agreement by failing to make requisite installment payments and finding that the plaintiffs were entitled to enforce the settlement agreement by seeking a default final judgement); Garcia v. Rambo Sec. Patrol, Inc., 2010 WL 750296, at *3 (S.D. Fla. 2010)(granting plaintiffs motion to enforce the settlement agreement and entering a final judgment in favor of the plaintiff following the defendant's failure to make payments outlined in the settlement agreement); Beharrie-Lue v. Felt Home Care, Inc., 2010 WL 2985650, at *1 (S.D. Fla. 2010)(granting plaintiffs' motion to enforcing a settlement agreement following the defendant's failure to pay the balance of the settlement agreement); Daniel v. Extreme Excavating, Inc., 2007 WL 9751755, at *2 (S.D. Fla. 2007) (recommending that the plaintiffs' motion to enforce the settlement agreement for past due payments and for attorney's fees and costs associated with enforcing the settlement agreement be granted) report and recommendation adopted, 2007 WL 9751756 (S.D. Fla. 2007).

As set forth in terms of the Agreement, the Settling Defendants were obligated to pay GEICO the sum of $550,000.00 by December 15, 2022. The Settling Defendants failed to do so and failed to cure his default in a timely manner.

As a result of the Settling Defendants' breach of the Agreement, Plaintiffs have been damaged and are entitled to judgment against the Settling Defendants for: (i)

payment to Plaintiffs of $550,000.00, (ii) reimbursement to Plaintiffs of the costs, expenses and reasonable legal fees incurred by Plaintiffs in the prosecution of this action in order to secure compliance with the Agreement, (iii) interest at the maximum rate allowable under Fla. Stat. 55.03 until fully paid, and such other and further relief as this Court deems just and proper.

Accordingly, GEICO has shown its entitlement to default final judgment on its Breach of Contract claim against the Settling Defendants.

(i)    GEICO is Entitled to Prejudgment Interest

As set forth in the Gershenoff Declaration, GEICO was able to determine the interest amount accrued as a result of Utter's breach. As discussed herein, the Agreement entitles GEICO to interest at the maximum rate allowable under Fla. Stat. 55.03 until fully paid.

The Settling Defendants were in material breach of the Agreement as of January 26, 2023. Interest below is calculated from February 1, 2023, through February 29, 2024. Florida's Chief Financial Officer has set various yearly interest rates during the time period between February 1, 2023, through February 29, 2024. In total, GEICO is entitled to $44,755.70 interest, which is calculated based on the various rates set by Florida's Chief Financial Officer, as follows:

| Florida's Judgment Interest Rate (Per Year) | Interest Rate Time Period | Effective Monthly Interest Rate | Proposed Judgment Amount | Proposed Prejudgment Interest |
|---|---|---|---|---|
| 5.52% | February 1, 2023- | 0.004600 | $550,000.00 | $5,060.00 |

|  |  |  |  |  |
|---|---|---|---|---|
|  | March 31, 2023 |  |  |  |
| 6.58% | April 1, 2023 - June 30, 2023 | 0.005483 | $550,000.00 | $9,046.95 |
| 7.69% | July 1, 2023 - September 30, 2023 | 0.006408 | $550,000.00 | $10,573.20 |
| 8.54% | October 1, 2023- December 31, 2023 | 0.007117 | $550,000.00 | $11,743.05 |
| 9.09% | January 1, 2024 – February 29, 2024 | 0.007575 | $550,000.00 | $8,332.50 |

See Gershenoff Decl. ⁋ 6

Accordingly, GEICO is entitled to a default final judgment against the Settling Defendants in an amount totaling $594,755.70, which represents $550,000.00 in damages for voluntary payments plus $44,755.70 in interest.

**B.  GEICO is Entitled to Default Judgment on its Fla. Stat. § 68.065 Causes of Action Against Halifax, Utter Corp., and PIP Brandan**

GEICO has sufficiently alleged facts to support that it is entitled to default judgment on its causes of action for the violations of Fla. Stat. § 68.065. As detailed above, the Complaint sufficiently alleges that Halifax, Utter Corp., and PIP Brandan wrote and delivered a total of five (5) Worthless Checks to GEICO, and each check was returned for insufficient funds when GEICO attempted to deposit the Worthless Checks.

To prevail on a claim for a worthless payment instrument pursuant to Fla. Stat. §68.065, a plaintiff must establish that (i) the payment was made by means of a check, draft, order of payment, debit card order, or electronic funds transfer, (ii) the payment was not received due to insufficient funds; and (iii) the Defendant has failed to repay

the balance owed within thirty days after a written demand[2]. See Fla. Stat. § 68.065; Miracle Life Farm LLC v. Hialeah Tomatoes & Fresh Produce, Inc., 2022 U.S. Dist. LEXIS 226016 (S.D. Fla. Dec. 14, 2022), Gonzalez v. Rockwater Dev. LLC, 2021 U.S. Dist. LEXIS 21715 (M.D. Fla. Feb. 3, 2021), report and recommendation adopted, 2021 U.S. Dist. LEXIS 38858 (M.D. Fla. Mar. 1, 2021); F&A Dairy Prods., Inc. v. Imperial Food Distribs., Inc., 798 So. 2d 803, 803 (Fla. 4d DCA. 2001).

If these three elements are met, the plaintiff is entitled to treble damages, reasonable attorney's fees, and a service charge not to exceed the service fees authorized under Fla. Stat. § 832.08(5) or 5 percent of the face amount of the instrument, whichever is greater. See Fla. Stat. § 68.065(3).

As set forth in the Complaint, on or about December 15, 2022, Halifax wrote and delivered two (2) Worthless Checks to GEICO from accounts with insufficient funds, and each check was returned for insufficient funds when GEICO attempted to deposit the Worthless Checks. Halifax presented to GEICO: check number 6514 in the amount of $110,000.00, payable to GEICO, drawn on an account held by Halifax at Suntrust Bank and check number 6515 in the amount of $110,000.00, payable to GEICO, drawn on an account held by Halifax at Suntrust Bank.

---

[2] The written demand requirement states that at least 30 days prior to filing suit, the plaintiff must deliver a written demand "by certified or registered mail, evidenced by return receipt, or by first-class mail, evidenced by an affidavit of service by mail, to the maker or drawer of the payment instrument to the address on the instrument, to the address given by the drawer at the time the instrument was issued, or to the drawer's last known address." ); Kasparov v. Schnorenberg, 2016 U.S. Dist. LEXIS 187724, (M.D. Fla. Aug. 16, 2016), report and recommendation adopted, 2016 U.S. Dist. LEXIS 187674, (M.D. Fla. Sept. 6, 2016)at *7 (citing to Fla. Stat. § 68.065(4))

Furthermore, and also as set forth in the Complaint, on or about December 15, 2022, Utter Corp. wrote and delivered two (2) Worthless Checks to GEICO from accounts with insufficient funds, and each check was returned for insufficient funds when GEICO attempted to deposit the Worthless Checks. Utter Corp. presented to GEICO: check 2485 in the face amount of $110,000.00, payable to GEICO, drawn on an account held by Utter Corp. held at Suntrust Bank and check 2484 in the face amount of $110,000.00, payable to GEICO, drawn on an account held by Utter Corp. held at Suntrust Bank.

What is more, and also as set forth in the Complaint, on or about December 15, 2022, PIP Brandon wrote and delivered a Worthless Check to GEICO from an account with insufficient funds and the check was returned for insufficient funds when GEICO attempted to deposit the Worthless Check. Specifically, PIP Brandon presented to GEICO: check 1336 in the face amount of $110,000.00, payable to GEICO, drawn on an account held by PIP Brandon held at Suntrust Bank.

Thereafter, on April 17, 2023, GEICO sent a notice to Halifax, Utter Corp., and PIP Brandon in the form prescribed in Fla. Stat. § 68.065(4). Halifax, Utter Corp., and PIP Brandon did not respond to GEICO's Fla. Stat. § 68.065(4) notice, and this action was commenced more than 30 days after GEICO's service of the Fla. Stat. § 68.065(4) notice.

In this context, numerous courts, including this Court, have granted motions for default judgment on alleged violations of Fla. Stat. § 68.065 in similar circumstances. See Gonzalez, 2021 U.S. Dist. LEXIS 21715 (M.D. Fla. Feb. 3, 2021)

17

(Kidd, J.) <u>report and recommendation adopted</u>, 2021 U.S. Dist. LEXIS 38858 (M.D.
Fla. Mar. 1, 2021) (finding that the well-pleaded allegations, which involved the
tendering of a check to plaintiff that was refused for insufficient funds, warranted the
entry of default judgment and granted Plaintiff three times the amount of the face value
of the check); <u>Barson v. Sharr</u>, 2014 U.S. Dist. LEXIS 164044 (M.D. Fla. Nov. 24,
2014) (granting plaintiffs motion for default judgment, finding that plaintiff plead
sufficient evidence to establish a claim under Fla. Stat. § 68.065 and determining that
by tendering a $30,000 check that was later dishonored, the defendant was liable for
three times the face value of the check and reasonable attorney fees); <u>Kasparov</u>, 2016
U.S. Dist. LEXIS 187724, (M.D. Fla. Aug. 16, 2016), <u>report and recommendation
adopted</u>, 2016 U.S. Dist. LEXIS 187674, (M.D. Fla. Sept. 6, 2016)(finding that the
well-pleaded factual allegations of the complaint, alleging the defendant tendered a
worthless check to the plaintiff, sufficiently stated a claim upon which relief may be
granted under section 68.065 and that the plaintiff was entitled to three times the
amount of the check).

  In the present case, on or about December 15, 2022, Halifax, Utter Corp., and
PIP Brandon each wrote and delivered worthless checks, each for $110,000.00, to
GEICO. On April 17, 2023, GEICO sent a notice to Halifax, Utter Corp., and PIP
Brandon in the proper form prescribed in Fla. Stat. § 68.065(4) and the relevant case
law. Thereafter, Halifax, Utter Corp., and PIP Brandon failed to respond to GEICO's
Fla. Stat. § 68.065(4) notice, and this action was commenced more than 30 days after

GEICO's service of the Fla. Stat. § 68.065(4) notice. Therefore, Halifax, Utter Corp., and PIP Brandon acted in violation of Fla. Stat. § 68.065.

As a result of their violation, Halifax is liable to GEICO for the settlement proceeds of $220,000.00, plus a 5 percent service charge and additional damages for triple the Settlement Proceeds, totaling $891,000.00 ($660,000.00 in treble damages, a $11,000.00 service charge, and the $220,000.00 originally owing on the Worthless Checks). See Fla. Stat. § 68.065(3). Pursuant to Fla. Stat. § 68.065(3)(a), Halifax is also liable for any court costs and reasonable attorneys' fees incurred by GEICO in this action. See Fla. Stat. § 68.065(3)(a).

What is more, as a result of their violation, Utter Corp. is liable to GEICO for the settlement proceeds of $220,000.00, plus a 5 percent service charge and additional damages for triple the Settlement Proceeds, totaling $891,000.00 ($660,000.00 in treble damages, a $11,000.00 service charge, and the $220,000.00 originally owing on the Worthless Checks). See Fla. Stat. § 68.065(3). Pursuant to Fla. Stat. § 68.065(3)(a), Utter Corp. is also liable for any court costs and reasonable attorneys' fees incurred by GEICO in this action. See Fla. Stat. § 68.065(3)(a).

Similarly, as a result of their violation, PIP Brandon is liable to GEICO for the settlement proceeds of $110,000.00, plus a 5 percent service charge and additional damages for triple the settlement proceeds, totaling $445,500.00 ($330,000.00 in treble damages, a $5,500.00 service charge, and the $110,000.00 originally owing on the Worthless Check). Pursuant to Fla. Stat. § 68.065(3)(a), PIP Brandon is also liable for

any court costs and reasonable attorneys' fees incurred by GEICO in this action. <u>See</u> Fla. Stat. § 68.065(3)(a).

Accordingly, GEICO has shown its entitlement to default final judgment on its Fla. Stat. § 68.065 causes of action.

## CONCLUSION

For the reasons outlined herein, GEICO's motion for default judgment should be granted in its entirety.

Respectfully submitted,

RIVKIN RADLER LLP

By:    */s/ Max Gershenoff*
Max Gershenoff (FBN 1038855)
John P. Marino (FBN 814539)
Steven T. Henesy (FBN 1038474)
Rivkin Radler, LLP
1301 Riverplace Blvd., Suite 1000
Jacksonville, FL 32207
Phone: (904) 792-8948
John.Marino@rivkin.com
Max.Gershenoff@rivkin.com
Steven.Henesy@rivkin.com
*Counsel for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO Insurance Company, and GEICO Casualty Co.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 3, 2024, the foregoing document is being served on all counsel of record, either by transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing through the CM/ECF system, including via personal mail to the last known addresses of the Defendants.

*/s/ Max Gershenoff*
Attorney