## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO
INDEMNITY CO., GEICO
GENERAL INSURANCE
COMPANY, and GEICO
CASUALTY CO.,**

                 **Plaintiffs,**

**v.**                                         **Case No: 6:23-cv-943-CEM-EJK**

**RONALD JACK TRAVIS UTTER,
D.C. , HALIFAX CHIROPRACTIC
& INJURY CLINIC, INC., NO
UTTER WAY, PREFERRED
INJURY PHYSICIANS OF
BRANDON, INC., PREFERRED
INJURY PHYSICIANS OF
KISSIMMEE, INC., PREFERRED
INJURY PHYSICIANS OF TOWN
& COUNTRY, INC., PREFERRED
INJURY PHYSICIANS OF
ORANGE CITY, INC.,
PREFERRED INJURY
PHYSICIANS OF WESLEY
CHAPEL, INC., PREFERRED
INJURY PHYSICIANS OF
TEMPLE TERRACE, INC.,
PREFERRED INJURY
PHYSICIANS OF ST.
PETERBURG, INC., PREFERRED
INJURY PHYSICIANS OF EAST
ORLANDO, INC., and UTTER
CORP.,**

                 **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiffs' Motion for Final Default Judgment ("the Motion"), filed April 3, 2024, against Defendants Ronald Jack Travis Utter, D.C. ("Utter"), Halifax Chiropractic & Injury Clinic, Inc. ("Halifax"), No Utter Way d/b/a Preferred Injury Physicians, Inc. ("No Utter Way"), Preferred Injury Physicians of Brandon, Inc. ("PIP Brandon"), Preferred Injury Physicians of Kissimmee, Inc. ("PIP Kissimmee"), Preferred Injury Physicians of Town & Country, Inc. ("PIP Town & Country"), Preferred Injury Physicians of Orange City, Inc. d/b/a Preferred Injury Physicians of Deltona ("PIP Orange City"), Preferred Injury Physicians of Wesley Chapel, Inc. ("PIP Wesley Chapel"), Preferred Injury Physicians of Temple Terrace, Inc. ("PIP Temple Terrace"), Preferred Injury Physicians of St. Petersburg, Inc. ("PIP St. Petersburg"), Preferred Injury Physicians of East Orlando, Inc. ("PIP East Orlando"), and Utter Corp. (Doc. 102.) Upon consideration, I respectfully recommend that the Motion be granted.

## I.    BACKGROUND[1]

This is a breach of contract action brought by Plaintiffs for Defendants' breach of a Settlement and Release Agreement ("Settlement Agreement"), dated November 21, 2022, and for presentation of worthless checks in violation of Florida Statute § 68.065. (Docs. 1 ¶ 1; 102-1 ("Settlement Agreement").) Plaintiffs allege the Settling

---

[1] On default, a defendant admits the well-pleaded allegations of fact in the complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

Defendants (which excepts Utter Corp.) breached the terms of the Settlement Agreement by failing to pay $550,000.00 on or before December 15, 2022, and by failing to cure the breach in the contractually allotted time. (Doc. 1 ¶ 3.)

Specifically, Section 2.A of the Settlement Agreement provides: "The [Settling] Defendants shall pay to GEICO the sum of $550,000.00 (the 'Settlement Proceeds') in the form of a certified or attorney's escrow check, made payable to 'Government Employees Insurance Company' and delivered to GEICO's counsel … on or before December 15, 2022." (Doc. 102-1 at 5.) Section 2.B further provides:

> In the event that the [Settling] Defendants default in making payment of any portion of the Settlement Proceeds required under this Agreement, and fail to cure the default within fifteen (15) days after receipt of written notice as set forth in Section 7 herein, then GEICO shall be entitled to immediately enter a judgment against the [Settling] Defendants, or any of them, for which they will be jointly and severally liable, in the amount of any remaining unpaid balance of the Settlement Proceeds (the "default judgment"). This sum shall be deemed liquidated damages for the [Settling] Defendants' conduct as alleged in the Complaint in the Action, and is not a penalty. Interest on the default judgment shall accrue at the maximum rate allowable under Fla. Stat. 55.03 until fully paid. In addition, GEICO shall be entitled to reimbursement of all reasonable attorneys' fees, costs and disbursements that GEICO incurs in connection with any collection activities.

(*Id.*) Section 7 of the Settlement Agreement describes the required notices due to Defendants in the event of their default. (*Id.* at 9–10.)

On or about December 15, 2022, Plaintiffs' counsel received a total of five worthless checks, each in the amount of $110,000.00, two from Halifax, two from Utter Corp., and one from PIP Brandon, purportedly in satisfaction of the Settling

Defendants' payment obligations under the Settlement Agreement. (*Id.* ¶ 34.)

Specifically, Plaintiffs allege:

> Defendants Halifax, Utter Corp., and PIP Brandon presented to GEICO: (i) check number 6514 in the amount of $110,000.00, payable to GEICO, drawn on an account held by Halifax Injury Physicians at Suntrust Bank; (ii) check number 1336 in the amount of $110,000.00, payable to GEICO, drawn on an account held by Preferred Injury Physicians of Brandon, Inc. held at Suntrust Bank; (iii) check number 2485 in the amount of $110,000.00, payable to GEICO, drawn on an account held by Utter Corp. held at Suntrust Bank; (iv) check number 6515 in the amount of $110,000.00, payable to GEICO, drawn on an account held by Halifax Injury Physicians at Suntrust Bank; and (v) check number 2484 in the amount of $110,000.00, payable to GEICO, drawn on an account held by Utter Corp. held at Suntrust Bank. All of the Worthless Checks were signed by Utter in his capacity as the owner of and signatory for Halifax Injury Physicians, Preferred Injury Physicians of Brandon, Inc., and Utter Corp.

(*Id.* ¶ 35.)

When Plaintiffs attempted to deposit the worthless checks, all five checks were returned for lack of sufficient funds. (*Id.* ¶ 36.) On January 10, 2023, Plaintiffs' counsel wrote to counsel for the Settling Defendants via email and overnight mail to provide them with notice, pursuant to Sections 2 and 7 of the Settlement Agreement, of the Settling Defendants' default of their payment obligations under the Settlement Agreement, and to demand that the Settling Defendants cure that default—namely, by remitting payment to Plaintiffs pursuant to the Settlement Agreement—within 15 days. (*Id.* ¶ 37; Doc. 1-4.) The Settling Defendants did not cure their default, and Plaintiffs have not received any portion of the $550,000. (Doc. 1 ¶ 38.) On April 17,

2023, GEICO sent a notice to Defendants Halifax, Utter Corp., and PIP Brandon, pursuant to Florida Statutes § 68.065(4), that the worthless checks had been dishonored and that they had 30 days from receipt of the notice to tender payment in cash of the full amount of the dishonored payment instrument, plus a service charge of 5 percent of the face amount of the dishonored instrument. (*Id.* ¶ 45; Doc. 1-5.) Halifax, Utter Corp., and PIP Brandon did not respond to this notice, and Plaintiffs commenced this action more than 30 days after service of the statutory notice. (*See* Doc. 1 ¶ 46.)

Plaintiffs' Complaint asserts claims for breach of contract against the Settling Defendants (Count I), and violations of Florida Statute § 68.065 against Defendants Halifax (Count II), Utter Corp. (Count III), and PIP Brandon, Inc. (Count IV). (Doc. 1.)

## II.    STANDARD

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. Fed. R. Civ. P. 55(b)(2). The mere entry of a default by the Clerk does not, in itself, warrant the Court's entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Rather, a defaulted defendant is deemed to admit only the plaintiff's well-pled allegations of fact. *Id.* "Thus, before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that

there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (emphasis in original).

"Once liability is established, the court turns to the issue of relief." *Enpat, Inc. v. Budnic,* 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." *Id.* (citing Fed. R. Civ. P. 55(b)(2).) Where all the essential evidence is of record, an evidentiary hearing on damages is not required. *SEC v. Smyth,* 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

## III.    DISCUSSION

### A. Service of Process

The Court previously determined that service was proper on Utter by personal service and on the remaining Defendants by substituted service. (Docs. 43, 99.)

### B. Jurisdiction and Venue

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiffs and Defendants are citizens of diverse states and the amount in controversy exceeds $75,000. (Doc. 1 ¶¶ 9–21.) The Court has personal jurisdiction over Defendants because Utter is a citizen of Florida, and Defendants are Florida corporations. Fla. Stat. § 48.193 (1)(a)(1). Venue is appropriate because, pursuant to the terms of the Settlement Agreement, the parties consented to jurisdiction in the

Middle District of Florida for enforcement purposes, and additionally, because one or more of the Defendants reside in this District and a substantial amount of the activities forming the basis of the Complaint occurred here. (*Id.* ¶¶ 22, 23.)

### C. Liability

Plaintiffs move for default judgment against Defendants on the breach of contract claim and the claims for worthless checks pursuant to Florida Statute § 68.065.

### 1. Breach of Contract Claims against the Settling Defendants (Count I)

Plaintiffs have sufficiently stated facts to support the breach of contract claim against the Settling Defendants. The elements for a breach of contract under Florida law are: (1) a valid contract; (2) a material breach; and (3) damages. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999). Plaintiffs have sufficiently alleged each of these elements.

The Complaint alleges that the Settling Defendants entered into and agreed upon the terms of the Settlement Agreement on or about November 21, 2022. (Doc. 1 ¶ 29.) The Agreement, in relevant part, obligated the Settling Defendants to pay Plaintiffs the sum of $550,000 on or before December 15, 2022. (*Id.* ¶ 30.) The Settling Defendants have failed to pay the amount owed in timely fashion. (*Id.* ¶ 39.) Plaintiffs also complied with the notice provision provided in the Settlement Agreement. (*Id.* ¶¶ 37–38.) In light of the foregoing allegations, I respectfully recommend that the Court find that Plaintiffs have pleaded a prima facie claim of breach of contract against the

Settling Defendants and are entitled to damages in the amount of $550,000.

The Settlement Agreement also entitles Plaintiffs to costs, expenses, and reasonable legal fees incurred by Plaintiffs in the prosecution of this action to secure compliance with the Agreement, and interest at the maximum rate allowable under Florida Statute § 55.03 until fully paid. (Doc. 102-1 at 5.) The Settling Defendants were in material breach of the Agreement as of January 26, 2023 (fifteen days after Plaintiffs' counsel provided written notice to Defendants). (*Id.* ¶ 37.) Plaintiffs submitted an interest calculation table via the Declaration of Max Gershenoff, with interest calculated from February 1, 2023, through February 29, 2024, prior to the filing of the instant Motion. Florida's Chief Financial Officer has set various yearly interest rates during the time period. *See* Fla. Stat. § 55.03 In total, Plaintiffs submit they are entitled to $44,755.70 in interest, which is calculated based on the various rates set by Florida's Chief Financial Officer, as follows:

| Florida's Judgment Interest Rate (Per Year) | Interest Rate Time Period | Effective Monthly Interest Rate | Proposed Judgment Amount | Proposed Prejudgment Interest |
|---|---|---|---|---|
| 5.52% | February 1, 2023- March 31, 2023 | 0.004600 | $550,000.00 | $5,060.00 |
| 6.58% | April 1, 2023 - June 30, 2023 | 0.005483 | $550,000.00 | $9,046.95 |
| 7.69% | July 1, 2023 - September 30, 2023 | 0.006408 | $550,000.00 | $10,573.20 |
| 8.54% | October 1, 2023- December 31, 2023 | 0.007117 | $550,000.00 | $11,743.05 |
| 9.09% | January 1, 2024 – February 29, 2024 | 0.007575 | $550,000.00 | $8,332.50 |

(Doc. 102-4 ¶ 6.)

Accordingly, GEICO is entitled to a default final judgment against the Settling Defendants in an amount totaling $594,755.70, which represents $550,000 in damages plus $44,755.70 in interest. Plaintiffs are also entitled to attorney fees and costs pursuant to the Settlement Agreement (Doc. 102-1 at 5), and the undersigned recommends that they be sought via separate Motion following entry of judgment, in a timeframe established by the presiding district judge.

### 2. Florida Statute § 68.065 Claims Against Halifax, Utter Corp., and PIP Brandon (Counts II–IV)

Plaintiffs have also sufficiently stated facts to support the Florida Statutes § 68.065 claims against Defendants Halifax, Utter Corp., and PIP Brandon. Florida Statutes § 68.065(3)(a) states, in pertinent part:

> In any civil action brought for the purpose of collecting a payment instrument, the payment of which is refused by the drawee because of lack of funds, lack of credit, or lack of an account, or where the maker or drawer stops payment on the instrument with intent to defraud, and where the maker or drawer fails to pay the amount owing, in cash, to the payee within 30 days after a written demand therefor, as provided in subsection (4), **the maker or drawer is liable to the payee, <u>in addition to the amount owing upon such payment instrument</u>, for damages of triple the amount so owing.** However, in no case shall the liability for damages be less than $50. The maker or drawer is also liable for any court costs and reasonable attorney fees incurred by the payee in taking the action.

Fla . Stat. § 68.065(3)(a) (emphasis added). Thus, "if payment of a check is refused by a drawee-bank for insufficient funds, a payee may bring a cause of action against the drawer for recovery of the amount of the check plus treble the amount of the check."

*Gonzalez v. Rockwater Dev. LLC*, No. 6:20-cv-270-Orl-41EJK, 2021 U.S. Dist. LEXIS

21715, at *17 (M.D. Fla. Feb. 3, 2021) (internal quotation marks omitted), *report and*

*recommendation adopted*, 2021 U.S. Dist. LEXIS 38858 (M.D. Fla. Mar. 1, 2021). A

plaintiff must provide notice at least 30 days before suing, and the notice must conform

to the statute's language. *Id.* (citing Fla. Stat. § 68.065(4)). Plaintiff is also entitled to

reasonable attorney fees and a service charge not to exceed the service fees authorized

under Florida Statutes § 832.08(5), or 5 percent of the face amount of the instrument,

whichever is greater. *See* Fla. Stat. § 68.065(3).

As set forth in the Complaint, on or about December 15, 2022, Halifax wrote

and delivered two worthless checks to Plaintiffs from accounts with insufficient funds,

and each check was returned for insufficient funds. (Doc. 1 ¶ 52.) Halifax presented to

Plaintiffs: check number 6514 in the amount of $110,000.00, payable to GEICO,

drawn on an account held by Halifax at Suntrust Bank and check number 6515 in the

amount of $110,000.00, payable to GEICO, drawn on an account held by Halifax at

Suntrust Bank. (*Id.* ¶ 53.)

On or about December 15, 2022, Utter Corp. wrote and delivered two worthless

checks to Plaintiffs from accounts with insufficient funds. (*Id.* ¶ 58.) Utter Corp.

presented to GEICO: check 2485 in the face amount of $110,000.00, payable to

GEICO, drawn on an account held by Utter Corp. held at Suntrust Bank and check

2484 in the face amount of $110,000.00, payable to GEICO, drawn on an account held

by Utter Corp. held at Suntrust Bank. (*Id.* ¶ 59.)

Finally, on or about December 15, 2022, PIP Brandon wrote and delivered a worthless check to Plaintiffs from an account with insufficient funds and the check was returned for insufficient funds. (*Id.* ¶ 64.) Specifically, PIP Brandon presented to Plaintiffs: check 1336 in the face amount of $110,000.00, payable to GEICO, drawn on an account held by PIP Brandon held at Suntrust Bank. (*Id.* ¶ 65.)

Thereafter, on April 17, 2023, Plaintiffs sent a notice to Halifax, Utter Corp., and PIP Brandon in the form prescribed in Florida Statutes § 68.065(4). Halifax, Utter Corp., and PIP Brandon did not respond to the § 68.065(4) notice, and this action was commenced more than 30 days after Plaintiff's service of the § 68.065(4) notice. (Doc. 1 ¶¶ 54, 60, 66.)

As a result of the various violations of Florida Statutes § 68.065, Plaintiffs seek damages in the amount of: (i) $220,000.00, plus a 5 percent service charge and additional damages for triple the Settlement Proceeds, totaling $891,000.00 ($660,000.00 in treble damages, an $11,000.00 service charge, and the $220,000.00 originally owing on the worthless checks) from Halifax (*id.* ¶ 55); (ii) $220,000.00, plus a 5 percent service charge and additional damages for triple the Settlement Proceeds, totaling $891,000.00 ($660,000.00 in treble damages, an $11,000.00 service charge, and the $220,000.00 originally owing on the worthless checks) from Utter Corp. (*id.* ¶ 61); and (iii) $110,000.00, plus a 5 percent service charge and additional damages for triple the Settlement Proceeds, totaling $445,500.00 ($330,000.00 in treble damages, a $5,500.00 service charge, and the $110,000.00 originally owing on the worthless check) from PIP Brandon (*id.* ¶ 67).

Numerous courts, including this Court, have granted motions for default judgment on alleged violations of Florida Statutes § 68.065 in similar circumstances. *See Gonzalez*, 2021 U.S. Dist. LEXIS 21715, at *17 (M.D. Fla. Feb. 3, 2021), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 38858 (M.D. Fla. Mar. 1, 2021) (finding that the well pleaded allegations, which involved the tendering of a check to plaintiff that was refused for insufficient funds, warranted the entry of default judgment and granted Plaintiff three times the amount of the face value of the check , which was $391.62); *see also Kasparov v. Schnorenberg*, No. 3:15-CV-1093-J-32PDB, 2016 U.S. Dist. LEXIS 187724, at *17 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, 2016 U.S. Dist. LEXIS 187674, (M.D. Fla. Sept. 6, 2016) (finding that the well-pleaded factual allegations of the complaint, alleging the defendant tendered a worthless check to the plaintiff in the amount of $35,000, sufficiently stated a claim upon which relief may be granted under § 68.065 and that the plaintiff was entitled to three times the amount of the check); *Barson v. Sharr*, No: 6:13-cv-1767-Orl-40TBS, 2014 U.S. Dist. LEXIS 164044, at 4* (M.D. Fla. Nov. 24, 2014) (granting plaintiffs motion for default judgment, finding that plaintiff pleaded sufficient evidence to establish a claim under Fla. Stat. § 68.065 and determining that by tendering a $30,000 check that was later dishonored, the defendant was liable for three times the face value of the check and reasonable attorney fees). Pursuant to Florida Statutes § 68.065(3)(a), Halifax, Utter Corp., and PIP Brandon are also liable to Plaintiffs for any court costs and reasonable attorney fees incurred, which the undersigned recommends be sought via separate Motion following entry of judgment, in a timeframe established by the

presiding district judge.

## IV.    RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1.    **GRANT** Plaintiffs' Motion for Final Default Judgment (Doc. 102), and **ENTER** a default judgment:

    a.    As to Count I, in favor of Plaintiffs and against Defendants Ronald Jack Travis Utter, D.C., Halifax Chiropractic & Injury Clinic, Inc., No Utter Way d/b/a Preferred Injury Physicians, Inc., Preferred Injury Physicians of Brandon, Inc., Preferred Injury Physicians of Kissimmee, Inc., Preferred Injury Physicians of Town & Country, Inc., Preferred Injury Physicians of Orange City, Inc. d/b/a Preferred Injury Physicians of Deltona, Preferred Injury Physicians of Wesley Chapel, Inc., Preferred Injury Physicians of Temple Terrace, Inc., Preferred Injury Physicians of St. Petersburg, Inc., Preferred Injury Physicians of East Orlando, Inc., in the amount of $594,755.70, for which sum let execution issue.

    b.    As to Count II, in favor of Plaintiffs and against Defendant Halifax Chiropractic & Injury Clinic, Inc. in the amount of $891,000.00, for which sum let execution issue.

    c. As to Count III, in favor of Plaintiffs and against Defendant Utter Corp. in the amount of $891,000.00, for which sum let execution issue.

    d. As to Count IV, in favor of Plaintiffs and against Defendant Preferred Injury Physicians of Brandon, Inc. in the amount of $445,500.00, for which sum let execution issue;

2. **DIRECT** that Plaintiffs file a properly supported motion for attorney fees and costs in a timeframe to be established by the Court; and

3. Following entry of final default judgment, **DIRECT** the Clerk of Court to close the case.

## <u>NOTICE TO PARTIES</u>

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on September 27, 2024.


_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE