# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY CO.,

   **Plaintiffs,**

v.                 Case No.  6:23-cv-943-CEM-EJK

RONALD JACK TRAVIS UTTER, D.C., HALIFAX CHIROPRACTIC & INJURY CLINIC, INC., NO UTTER WAY, PREFERRED INJURY PHYSICIANS OF BRANDON, INC., PREFERRED INJURY PHYSICIANS OF KISSIMMEE, INC., PREFERRED INJURY PHYSICIANS OF TOWN & COUNTRY, INC., PREFERRED INJURY PHYSICIANS OF ORANGE CITY, INC., PREFERRED INJURY PHYSICIANS OF WESLEY CHAPEL, INC., PREFERRED INJURY PHYSICIANS OF TEMPLE TERRACE, INC., PREFERRED INJURY PHYSICIANS OF ST. PETERBURG, INC., PREFERRED INJURY PHYSICIANS OF EAST ORLANDO, INC., and UTTER CORP.,

   **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Plaintiffs' Motion for an Order Determining Entitlement to Attorneys' Fees and Costs (the "Motion"). Doc. 108. Defendants have not filed any responses or objections.[1] Upon consideration, I respectfully recommend that the **Motion be granted.**

### I.   Background

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. ("Plaintiffs") filed a Complaint after Defendants Ronald Jack Travis Utter, D.C., No Utter Way d/b/a Preferred Injury Physicians, Halifax Chiropractic & Injury Clinic, Inc., Preferred Injury Physicians of Brandon, Inc., Preferred Injury Physicians of Kissimmee, Inc., Preferred Injury Physicians of Town & Country, Inc., Preferred Injury Physicians of Orange City, Inc. d/b/a Preferred Injury Physicians of Deltona, Preferred Injury Physicians of Wesley Chapel, Inc., Preferred Injury Physicians of Temple Terrace, Inc., Preferred Injury Physicians of St. Petersburg, Inc., Preferred Injury Physicians of East Orlando, Inc., and Utter Corp. (collectively, "Defendants") breached the parties' Settlement and Release Agreement dated November 21, 2022 (the "Agreement"), by issuing bad checks in violation of Fla. Stat. § 68.065. Doc. 1; Doc. 1-3.

---

[1] As exemplified by this Court's granting Plaintiffs' motion for final default judgment, Defendants have never answered Plaintiffs' Complaint or otherwise appeared in this case. *See* Doc. 105.

After none of these Defendants filed an answer or otherwise appeared in this case, Plaintiffs filed a motion for Final Default Judgment in April 2024. *See* Doc. 102. On September 27, 2024, Magistrate Judge Embry J. Kidd issued a Report and Recommendation ("R&R") that Plaintiffs' motion be granted. Doc. 104. On October 31, 2024, Judge Carlos E. Mendoza adopted the R&R in full and granted Plaintiffs' motion for Final Default Judgment. Doc. 105. In its Order, the Court directed Plaintiffs to "file a properly supported motion for attorney's fees and costs" by December 2, 2024. *Id.*, ¶ 4. Plaintiffs timely filed the instant motion on December 2, 2024, which is now ripe for resolution. *See* Doc. 108.

**II.  Analysis**

*A. Entitlement to Attorney's Fees*

Plaintiffs first argue that they are entitled to an award of attorney's fees as part of the Agreement underlying this dispute. Doc. 108 at 5. Section 2.B of the Agreement states that Plaintiffs are entitled to move for the entry of default judgment in the event that Defendants default on their payments and do not cure the default within fifteen days. Doc. 1-3 at 5. The Agreement further states that Plaintiffs "shall be entitled to reimbursement of all reasonable attorneys' [*sic*] fees, costs and disbursements that [Plaintiffs] incur in connection with any collection activities." *Id.*

This Court found that Plaintiffs stated a prima facie claim for breach of

contract when it granted their motion for default judgment. *See* Doc. 104 at 7-9. Therefore, Plaintiffs' are entitled to their reasonable attorney's fees, costs, and disbursements that they have incurred in connection with obtaining entry of default judgment against Defendants for their breach. *See* Doc. 104 at 9.

Plaintiffs argue that they are separately entitled to attorney's fees pursuant to Defendants' violations of Fla. Stat. § 68.065. Doc. 108 at 5. The statute commands that "the maker or drawer is also liable for any court costs and reasonable attorney fees incurred by the payee in taking the action." Fla. Stat. § 68.065(3)(a). Having previously granted default judgment to the Plaintiffs on the merits of their claims, it is plain that they are likewise entitled to attorney's fees under Fla. Stat. § 68.065(3)(a). *See* Doc. 104 at 9-12; Doc. 105.

### B. Entitlement to Costs

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The language of Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, and the losing party must rebut that presumption. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). A prevailing party is "one who has succeeded on any significant claim affording it some of the relief sought." *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989). A prevailing party, however, "need

not prevail on all issues to justify a full award of costs ... [a] party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims." *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001) (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)).

Here, Plaintiffs are the prevailing party because their Motion for Final Default Judgment was granted. *See* Doc. 102, Doc. 104, Doc. 105; *see also Caplan v. C4S LLC*, No. 22-cv-20285-ALTMAN/REID, 2023 WL 3026619, *2 (S.D. Fla. Apr. 4, 2023) ("Plaintiff is the prevailing party because his Motion for Final Default Judgment was granted."). Plaintiffs therefore obtained the relief sought—entry of final judgment. *See* Doc. 105, ¶ 3; *see also Texas State*, 489 U.S. at 791.

Moreover, far from "provid[ing] otherwise," both the Agreement and the Florida statute which entitle Plaintiffs to attorney's fees likewise explicitly provide for an award of costs. Fed. R. Civ. P. 54(d); Doc. 1-3 at 5; Fla. Stat. 68.065(3)(a). Consequently, under Rule 54(d), Plaintiffs are presumed to be entitled to taxable costs, to be outlined in their supplemental motion.

### III. Conclusion

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that Plaintiffs' Motion for an Order Determining Entitlement to Attorneys' Fees and Costs (Doc. 108) be **GRANTED**.

Pursuant to Local Rule 7.01(c), Plaintiffs should be required to file a supplemental motion on the amount of attorney's fees and costs **within 14 days of the Court's Order**.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**Recommended in Orlando, Florida on February 20, 2025.**

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record